CIACCIO, Judge.
This is a worker’s compensation suit in which plaintiff, Arthur Henssler, appeals from the judgment of the trial court which denied his claim for supplemental benefits. We affirm.
Arthur Henssler was injured on July 12, 1987 while working in his capacity as a maintenance repairman for Pendleton Memorial Methodist Hospital. The injury occurred when a ladder on which plaintiff was standing collapsed, causing him to fall to the ground below. As a result of the injury, plaintiff suffered fractures to the shoulder and hip, and strained his wrist and lower back. These injuries required medical treatment and rendered plaintiff unable to work following the accident.
Pendleton paid worker’s compensation benefits to plaintiff for this injury in the amount of $261.00 per week through July, 1988 based on his average weekly wage of $416.00. Payment of worker’s compensation was discontinued after Pendleton received letters from Dr. John E. McLachlan stating that Mr. Henssler could return to work. Dr. McLachlan had treated plaintiff continuously for his injuries following the July, 1987 accident. In August 1988, Pen-dleton offered plaintiff his previous position in maintenance repair.
On November 18, 1988, plaintiff instituted this suit for worker’s compensation benefits. Pendleton filed a general denial on January 5, 1989, and trial on the merits was held on December 20, 1989. The trial court found that plaintiff was entitled to partial disability payments through August 22, 1989, and denied plaintiff’s claim for total disability benefits. On appeal, plaintiff argues that he is unable to work as a result of this injury and is entitled to supplemental earnings benefits (SEB) as provided for by La.R.S. 23:1221(3).
To recover supplemental benefits under La.R.S. 23:1221(3), the employee must prove that the injury has resulted in his inability to earn at least 90% of his previous wages, irrespective of his previous occupation or an occupation for which the employee was particularly fitted. Moore v. Mason & Dixon Tank Lines, 540 So.2d 525 (La.App. 1st Cir.1989). Further, this statute provides that if the employee establishes by clear and convincing evidence that he cannot perform the employment offered due to substantial pain, then the employee will be incapable of performing such employment. La.R.S. 23:1221(3)(c)(ii).
At trial, plaintiff testified that he had not been employed since the date of the injury. He stated that he continued to have neck, back and shoulder pain. Plaintiff also testified that he suffered from *1205 “radiating leg pain” which caused him to collapse at times, and rendered him “totally incapacitated”. Because of this condition, Mr. Henssler stated that he was incapable of returning to his position at the hospital or of seeking or obtaining other employment.
Dr. McLachlan testified that he treated plaintiff from the date of the injury until the time of trial. He stated that plaintiff continued to have a limited range of motion in his shoulder, and has difficulty using his upper extremities. Dr. McLachlan further testified that although Mr. Henssler complains of persistent back pain, this pain is caused by a combination of factors, including degenerative and arthritic changes to plaintiff's spine, as well as the work-related injury. Dr. McLachlan stated however that plaintiff sustained no structural damage in the fall and he further assigned no disability whatsoever to plaintiffs injuries which resulted from this accident. The only limitation plaintiff has as a result of the fall is with full extension of his left shoulder.
He testified that Mr. Henssler had achieved a position of recovery and was able to return to work. Although Dr. Me-Lachlan believed that Mr. Henssler may not have been one hundred percent able to return to his job as a maintenance repairman at Pendleton, he could handle most of the requirements of that position. The doctor also stated that he believed plaintiff was capable of performing several types of jobs: comptroller, electric tool repairman, apartment manager, and phone collector.
Plaintiff introduced two notes, dated August 30, 1988 and August 22, 1989 written by Dr. McLachlan which state that plaintiff was unable to work due to persistent back problems. Dr. McLachlan testified at trial that he wrote these instructions at the request of plaintiff. He stated that he was aware that Pendleton required Mr. Henss-ler to be one hundred percent able to return to his position in maintenance repair, and that plaintiff may not have been able to complete all duties due to the injury to his shoulder. Dr. McLachlan stated however that plaintiff could have completed ninety-five percent of these duties if they did not involve aggravation of his shoulder. Although Dr. McLachlan was a member of the staff of Pendleton hospital, he testified that he did not have a conflict between the hospital and the patient, and felt his loyalty was with the patient, Mr. Henssler.
Under the provisions of the worker’s compensation statute, the employer has the burden to show that employment at a wage greater than ninety percent of the employee’s pre-accident wage was offered to the employee or that such employment was available in the community or in a reasonable geographic area. La.R.S. 23:1221(3)(c)(i); Moore v. Mason & Dixon Tank Lines, supra, 540 So.2d at 528.
In attempting to prove that employment was available, defendant introduced the testimony of J. Carol Murrell, a vocational rehabilitation expert who stated that she had read plaintiff’s depositions, the deposition of Dr. McLachlan, and the medical evidence. Ms. Murrell’s assessment was based in large part on the testimony of plaintiff’s treating physician, Dr. McLach-lan, who stated Mr. Henssler’s only physical restrictions were to avoid aggravation of his left shoulder. In her opinion, Mr. Henssler was physically able to perform several jobs, including his former position as a maintenance repairman if it did not require overhead work which may aggravate his shoulder injury. Ms. Murrell also opined that plaintiff could work as a property manager, as he had previous experience in that field and the physical demands were minimal. Such a position was available to plaintiff at the time of trial. She further testified that she had spoken to several employers who were in need of workers in the areas of tool repair, phone collection, comptrolling and parking lot supervision and would consider hiring plaintiff notwithstanding his past history of this injury. The salary of these positions were commensurate with that of Mr. Henssler prior to this injury.
We have carefully reviewed the entire record and find that the evidence offers a reasonable factual basis upon which the trial court could conclude that plaintiff was *1206 able to achieve some gainful employment earning his pre-accident wages. Plaintiff’s treating physician testified emphatically at trial that plaintiff was not disabled as a result of this injury, nor did the fall aggravate the condition of plaintiff’s spine. Dr. McLachlan testified that the only cause of plaintiff’s disabling back problem was the aging and degeneration of his spine. He stated he knew of no reason why plaintiff could not return to work in one of several fields. In addition, the vocational rehabilitation expert confirmed that there were available positions in these areas for which plaintiff was qualified and could earn wages equivalent to his pre-accident income.
The only evidence presented to show that plaintiff was unable to work was the uncorroborated testimony of plaintiff himself who stated that he was basically immobile and unable to get to and from a place of employment. However, defendant positively rebutted this testimony by offering into evidence a surveillance tape which showed plaintiff engaging on several different occasions in activities such as fishing. The trial court in its reasons for judgment made reference to this tape and to plaintiff’s ability to carry the engine casing, start the engine of the boat without difficulty, and lift the motor out of the water himself, even in light of the fact that plaintiff’s adult son was present to assist him with these functions. Based on this evidence which cast suspicion on the reliability of plaintiff’s testimony, the trial court apparently refused to accept plaintiff’s assertions that he was “totally incapacitated” and unable to obtain employment. We find that the record supports this conclusion and we decline to disturb the factual findings of the trial court that are well within its discretion.
Considering all the circumstances and facts of this case, we find that plaintiff failed to carry his burden to show his inability to earn ninety percent of his pre-acci-dent wages, and he is therefore not entitled to supplemental earnings benefits. Accordingly, the judgment of the trial court is affirmed at plaintiff’s cost.
AFFIRMED.