# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1663


CALITHIA S. THOMAS

VERSUS

WESTAFF, INC.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 02-02474
JAMES L. BRADDOCK, WORKERS COMPENSATION JUDGE


\*\*\*\*\*\*\*\*\*\*


## ULYSSES GENE THIBODEAUX
### CHIEF JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, C.J., Sylvia R. Cooks, and Oswald A. Decuir, Judges.


**AFFIRMED.**


**George Arthur Flournoy**
**Flournoy & Doggett**
**P. O. Box 1270**
**Alexandria, LA 71309-1270**
**Telephone: (318) 487-9858**
**COUNSEL FOR:**
**        Plaintiff/Appellant - Calithia S. Thomas**


**Robert A. Dunkelman**
**Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell**
**P. O. Box 1786**
**Shreveport, LA 71166-1786**
**Telephone: (318) 221-1800**
**COUNSEL FOR:**
**        Defendant/Appellee - Westaff, Inc.**

THIBODEAUX, Chief Judge.

In this workers' compensation case, the plaintiff, Calithia S. Thomas, appeals the judgment of the Workers' Compensation Judge (WCJ) denying her supplemental earnings benefits. The WCJ found that an accident occurred, but that no disabling injury resulted from the accident. We agree with the WCJ and affirm the judgment.

## I.

## ISSUES

1) Was the WCJ manifestly erroneous in deciding that Ms. Thomas had a work-related accident?

2) Was the WCJ manifestly erroneous in deciding that Ms. Thomas' accident did not result in a disabling injury?

3) Was the WCJ manifestly erroneous in dismissing Ms. Thomas' claim for failure to authorize an EMG?

## II.

## FACTS

Westaff, Inc. hired Ms. Thomas on or about January 7, 2002. Westaff is a temporary employment agency which places its employees at the job sites of other employers to fill their manpower needs. Westaff placed Ms. Thomas at Alliance Compressor in Natchitoches, Louisiana. Prior to working for Alliance, Ms. Thomas worked for McDonald's Restaurant. Ms. Thomas kept her job at McDonald's, but reduced the number of hours she worked for McDonald's while working for Alliance.

Ms. Thomas' duties at Alliance included using a t-bar tool to insert plugs into a compressor. On March 11, 2002, she reported that her right hand was hurting.

1

Ms. Lynne Andrews, Ms. Thomas' supervisor at Westaff, sent her to Dr. Jack Corley, a general practitioner in Many, Louisiana on March 13, 2002. Dr. Corley diagnosed Ms. Thomas with fasciitis of the right hand, but opined that she could return to regular duty.

Ms. Thomas is petite in size: four feet, eleven inches tall, weighing 102 pounds. After the incident, Alliance requested that Westaff not send Ms. Thomas back to work because of concerns that her small size was contributing to the problem with her hand.

Ms. Thomas filed a disputed claim for compensation on April 5, 2002. Upon the recommendation of her attorney, Dr. Baer Rambach, an orthopedist in Shreveport, examined Ms. Thomas on April 18, 2002. His diagnosis was probable contusion of the right hand with possible median nerve involvement. He recommended that she get an EMG/NCV study (EMG), which was later performed on July 18, 2002. Dr. Rambach recommended that she not return to work at Alliance but stated that she could return to work at McDonald's.

Ms. Thomas was involved in a motor vehicle accident on July 8, 2002. On August 30, 2002, Dr. David Delapp, an orthopedist and Westaff's choice of physician, examined Ms. Thomas. Her examination was normal and Dr. Delapp opined that Ms. Thomas could return to work. Ms. Thomas returned to Dr. Rambach on September 23, 2002. In a letter dated December 12, 2002, Dr. Rambach opined that Ms. Thomas was still unable to return to her job at Alliance as a result of her work-related injury.

Trial on this matter was held on July 30, 2003. The WCJ found that an accident occurred, but that no disability resulted from the accident. The WCJ dismissed Ms. Thomas' complaint. Thereafter, she filed this appeal.

2

III.

## LAW AND DISCUSSION

### *Standard of Review*

"Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review." *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840, p. 7 (La. 7/1/97), 696 So.2d 551, 556. Under the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Id.* Accordingly, if the trier of fact's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990).

### *Work-Related Accident*

Louisiana Revised Statutes 23:1031 requires a workers' compensation claimant to initially establish personal injury by accident arising out of and in the course of his employment. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). Louisiana Revised Statutes 23:1021 defines an accident, for purposes of workers' compensation:

> (1) "Accident" means an unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.

3

In *Bryan v. Allstate Timber Co.*, 98-840, pp. 3-4 (La.App. 3 Cir. 12/16/98), 724 So.2d 853, 855, this court discussed the claimant's burden of proving that an accident occurred:

> To recover workers' compensation benefits, a claimant must establish by a preponderance of the evidence that an accident occurred on the job site and that an injury was sustained. *Garner v. Sheats & Frazier*, 95-39 (La.App. 3 Cir. 7/5/95); 663 So.2d 57. A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. [*Id.*] at 60. The evidence is viewed in a light most favorable to the claimant. When there is proof of an accident and attendant disability, without an intervening cause, it is presumed that the accident caused the disability.

Westaff claims that the WCJ erred in finding that an accident occurred. It argues that the WCJ found that there was no "objective evidence of disabling injury." Therefore, the WCJ should not have found that an accident occurred because the definition of accident requires "objective findings of injury." This argument is without merit. The WCJ found that there was no "objective findings of a *disability*." His mention of "objective findings" is directed toward a finding of disability, and not toward his finding that an accident occurred. The WCJ found that an accident occurred and, after careful review of the record, we agree.

Ms. Thomas testified that, at the time of her injury, she was testing compressors. This procedure involved putting plugs into several holes. She plugged the first hole without difficulty, but as she was plugging the bottom hole, she pushed hard and felt a sharp pain travel up her right hand. Ms. Thomas testified that she felt the pain in the center part of her hand on the inside and it went all the way up to her elbow. She testified that she told her team leader, Jeff Morgan, about the accident the same day. After Ms. Andrews was informed of the accident, she recommended that

4

Ms. Thomas see Dr. Corley. Dr. Corley diagnosed Ms. Thomas with fasciitis, which is an aggravation of the hand.

Ms. Thomas' testimony that she had an accident was uncontradicted. "In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent 'circumstances casting suspicion on the reliability of this testimony.'" *Bruno*, 593 So.2d at 361(quoting *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979)). There is no evidence in the record to contradict that Ms. Thomas had an accident.

The WCJ's decision as to whether the testimony is credible or not is a factual determination not to be disturbed on review unless clearly wrong or in absence of showing manifest error. *Gonzales v. Babco Farm, Inc.*, 535 So.2d 822 (La.App. 2 Cir.), *writ denied*, 536 So.2d 1200 (La.1988). The WCJ relied on the testimony of Ms. Thomas and the circumstances following the incident in determining that an accident occurred on March 11, 2002. Based on this evidence, we cannot say that the WCJ's finding was manifestly erroneous.

***Supplemental Earnings Benefits***

In *Palmer v. Schooner Petroleum Services*, 02-397, pp. 11-12 (La.App. 3 Cir. 12/27/02), 834 So.2d 642, 649-50, *writ denied*, 03-367 (La. 4/21/0/03), 841 So.2d 802, this court stated the following with respect to a claimant's entitlement to SEBs:

> Integral to an employee's claim for SEBs is his proof by a preponderance of the evidence that he is disabled due to a work-related injury that rendered him unable to earn ninety percent of his pre-injury wages. "In determining if an injured employee has made out a prima facie case of entitlement to supplemental earnings benefits, the trial court may and should take into account all those factors which might bear on an employee's ability to earn a wage."

5

*Daigle v. Sherwin-Williams Co.*, 545 So.2d 1005, 1007 (La.1989). La.R.S. 23:1221(3)(a).

Ms. Thomas argues that the WCJ required her to prove "objective findings of disability" and that this was legal error. However, after careful review of the record, we find that this argument is without merit. The WCJ did state that there were no "objective findings of disabling injury." However, the WCJ did not state that "objective findings of disabling injury" were a requirement. Moreover, the WCJ made the conclusion that there was no evidence of disabling injury after reviewing all of the evidence, the medical and the lay testimony.

Dr. Corley examined Ms. Thomas a few days after the accident. He determined that she had fasciitis of the right hand and released her to return to her regular duties because his examination did not reveal any swelling or any type of finding with regard to neurological problems.

Dr. Rambach saw Ms. Thomas on April 18, 2002, several weeks after the accident and after she filed her workers' compensation claim. Dr. Rambach noted some fullness about the right palm and tenderness in the mid-palmar area but no tenderness in the wrist itself. He also noted that the grip of her right hand was weaker than the grip of her left hand. However, he did not note any other problems and all of her test results were normal. His diagnosis was probable contusion of the right hand with possible median nerve involvement. He suggested an EMG to rule out a nerve problem. He stated that she could continue to work at McDonald's, but could not continue the type of work she was doing at Alliance. Her EMG was done on July 18, 2002 and showed no abnormalities.

On August 23, 2002, Ms. Thomas saw Dr. Delapp. He diagnosed her with a right hand contusion. However, he opined that she had reached maximum

6

medical improvement and that she was fully capable of returning to work without any restrictions.

Ms. Thomas returned to Dr. Rambach on September 23, 2002. Most of his evaluation pertained to the July 8, 2002 car accident. Although he had not seen her for several months, in a letter dated December 12, 2002, he stated that she was still unable to return to her job at Alliance as a result of her work-related injury.

The lay testimony included that of Ms. Thomas, who testified at trial that she was continuing to experience problems with her hand. She testified that she sleeps with her right arm up on a pillow and that her arm goes numb and starts hurting. Mr. David Williams, Ms. Thomas' boyfriend, corroborated this testimony. However, the WCJ questioned whether the numbness was due to the car accident in July 2002 because Ms. Thomas testified about a problem with her whole arm and not just her hand. Mr. Charles Moran, Ms. Thomas' manager at McDonald's, testified that she was a good employee and that he was aware that she had hand problems since working at Alliance. He testified that he accommodated her when she complained about the pain in her hand by letting her leave early or avoid jobs that aggravated her hand. Ms. Thomas continues to work at McDonald's and also has a second job at Wal-Mart.

In *Brown v. Churchill & Thibaut, Inc.*, 93-1216, p. 7 (La.App. 1 Cir. 5/20/94), 637 So.2d 764, 768, the court stated:

> The finding of disability within the framework of the worker's compensation law is a legal rather than a purely medical determination. *Pollock v. Louisiana Insurance Guaranty Association*, 587 So.2d 823, 825 (La.App. 3rd Cir. 1991); *Manson v. City of Shreveport*, 577 So.2d 1167, 1169 (La.App. 2nd Cir.), *writ denied*, 580 So.2d 928 (La.1991). Therefore, the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. *Moore v. Mason & Dixon Tank Lines*, 540 So.2d 525, 529 (La.App. 1st

7

Cir.), *writ denied*, 541 So.2d 1390 (La.1989). Ultimately the question of disability is a question of fact, which cannot be reversed in the absence of manifest error. *See Landry v. Central Industries, Inc.*, 592 So.2d 478, 480 (La.App. 3rd Cir.1991), *writ denied*, 593 So.2d 381 (La.1992); *Pollock v. Louisiana Insurance Guaranty Association*, 587 So.2d at 825.

From the medical and lay testimony the WCJ concluded that Ms. Thomas did not prove by a preponderance of the evidence that she was disabled due to a work-related injury that rendered her unable to earn ninety percent of her pre-injury wages. After careful review of the evidence, we cannot say that the WCJ was manifestly erroneous in his determination and, thus, affirm his judgment.

### *Failure to Authorize*

In *Authement v. Shappert Eng'g*, 02-1631(La. 2/25/03), 840 So.2d 1181, the supreme court recognized that failure to authorize comes under La.R.S. 23:1203(A). Under La.R.S. 23:1203(A), the employer is obligated to "furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal." La.R.S. 23:1203(A). Thus, a failure to authorize treatment can result in the imposition of penalties and attorney fees except when the claim is reasonably controverted. La. R.S. 23:1201(F)(2); *Authement*, 840 So.2d at 1187.

Ms. Thomas claims that the WCJ erred in dismissing her claim for failure to authorize the EMG and not awarding penalties and attorney fees. However, the record before us does not provide sufficient information to determine that Westaff failed to authorize the EMG.

The record indicates than an EMG was recommended by Dr. Rambach in his reported dated April 18, 2002. Dr. Rambach's report was forwarded to Westaff

8

on May 6, 2002. The EMG was performed on July 18, 2002, a little over two months after the request. The bill from Dr. J. Eric Bicknell, who performed the EMG, was sent to Westaff on August 20, 2002 and it was paid on August 31, 2002. Although Westaff may not have authorized the EMG, the record does not contain any evidence to prove this. The only information in the record is the argument of Ms. Thomas' attorney that he pre-paid the bill himself. There is no evidence that he paid the bill, no letter regarding the authorization, and no testimony on the issue. The record is void of any evidence of what occurred between the request for authorization and the date when the EMG was performed.

The record available to the WCJ did not contain sufficient factual information from which to conclude that Westaff failed to authorize the EMG. "The determination of whether an employer or insurer should be cast with penalties and attorney fees in a workers' compensation action is essentially a question of fact." *Authement*, 840 So.2d at 1188. Factual findings are subject to the manifest error or clearly wrong standard of review. *Banks*, 696 So.2d at 556. Therefore, we cannot say that the WCJ was manifestly erroneous in dismissing Ms. Thomas' claim and not awarding penalties and attorney fees.

IV.

## CONCLUSION

For the above reasons, the judgment appealed from is affirmed. Costs of this appeal are assessed to Ms. Calithia S. Thomas.

**AFFIRMED.**

9