CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division “H”, Parish of Jefferson, wherein the Honorable Thomas C. Wicker, Jr. granted defendant’s exception of prescription. Plaintiff has appealed.
Plaintiff, Jim Binder, filed a petition alleging that sometime during March of *217 1979, while employed by American Cyan-amid Company, an acid valve he was working on broke. As a result, he suffered scars on his right arm, nose, and over his abdominal area. Plaintiff, asserting that his injuries left him permanently disabled, sought worker’s compensation against his employer and their insurer, Prudential Insurance Company.
Defendants filed an exception of prescription stating that the action had been brought over one year after the accident and had thus prescribed under LSA-R.S. 23:1209.[1] Discovery revealed that the accident which caused the injuries plaintiff complained of occurred on February 8, 1979, making plaintiff’s action, filed February 28, 1980, twenty days late.
A hearing was held June 23, 1983 with defendants’ exception of prescription being granted October 12, 1983. Plaintiff has appealed, but makes no specifications of error. However, appellant clearly argues that because his injuries had not manifested themselves within one year from the accident, his suit was timely as it was filed within two years from the date of the accident in accordance with LSA-R.S. 23:1209. Appellant alternatively argues that if his injuries did indeed manifest themselves on the date of the accident, then he was not able to fully appreciate those injuries during that time due to certain emotional problems.
To substantiate his claim that his resultant injuries did not manifest themselves immediately, appellant produced a medical report from the Veterans Administration dated November 27, 1981, which diagnosed appellant as having dermatitis with the chief complaint being itching and irritation. This report contained a history given by appellant that in 1979 he had walked through an acid solution. This was the only medical evidence offered by appellant to support his claim and establish some causal relationship between his later medical problem and the February 8, 1979 accident.
Appellee, however, read into the record a report of Dr. Mathieu Albert, American Cyanamid’s physician, taken on the date of the accident approximately ten minutes after it had occurred. This report states that appellant had only three small spots with slight discoloration where H2S04, sulphuric acid, had hit his left hand, tip of nose and right wrist. It is evident from the record that, as a result of this accident, appellant neither missed any regular work nor required any further medical treatment other than that rendered by Dr. Albert on February 8, 1979.
In granting defendants’ exception, the trial court implicitly ruled that plaintiff’s injuries were manifested on the date of the accident, February 8, 1979; therefore, suit for compensation benefits and medical expenses had to be filed within one year of that date. Totty v. Dravo Corporation, 413 So.2d 684 (La.App. 3d Cir.1982); LSA-R.S. 23:1209.
As to the question of whether appellant’s emotional problems interfered with his full appreciation of the true extent of his problems, appellant himself testified that he was not under the care of a licensed physician for psychological problems between February 8, 1979 and February 8, *218 1980. Additionally, appellant was not diagnosed as having any type of nervous condition until March of 1981. There was no showing made by appellant at the hearing as to how this nervous condition, later diagnosed by Dr. Samuel Kaplin in 1981, interfered with his appreciation of whatever injuries he received from the February 8, 1979 accident. The trial court, in granting defendants’ exception, implicitly rejected any notion of such interference.
After reviewing the record, we cannot say the trial court was clearly wrong in either of the implicit conclusions reached regarding the granting of defendants’ exception.
Accordingly, for the above stated reasons, the judgment granting appellee’s exception of prescription is hereby affirmed with costs of this appeal to be shared equally.
AFFIRMED.

. LSA-R.S. 23:1209, in full, provides:
In case of personal injury including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.