558 So.2d 629 (1990)
Joe Louis HOLMES
v.
BATON ROUGE WATER WORKS COMPANY.
No. 89 CA 0024.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
*630 Charest Thibaut, III, Baton Rouge, for defendant-appellant.
Ralph Brewer, Baton Rouge, for plaintiff-appellee.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
This is an action seeking worker's compensation benefits. Joe Louis Holmes was employed by Baton Rouge Water Works Company (Water Works).[1] His duties were composed of heavy manual labor, including digging ditches, moving, lifting and operating heavy equipment. In approximately June and July, 1984, Holmes suffered chest pain during working hours while outdoors performing his allotted tasks. Plaintiff has not returned to work since September 10, 1984. He was examined by his family physician and referred to Dr. James R. Calvin, a cardiologist. He was examined by Dr. Calvin on September 27, 1984, and admitted to Baton Rouge General Medical Center on that same date. Plaintiff underwent numerous diagnostic procedures, including a cardiac-catherization. The diagnosis was high grade stenosis of the proximal left anterior descending coronary artery. An angioplasty was performed on October 4, 1984.
Plaintiff's medical expenses were paid by a group hospitalization policy sponsored by Water Works. He subsequently received $780 per month from a group long term disability policy also sponsored by Water Works. As a condition of receiving long term disability benefits plaintiff applied for but was denied Social Security disability benefits. He continued to receive the long term disability benefits to time of trial. Plaintiff was terminated from his employment on July 16, 1985.
This worker's compensation action was filed on June 29, 1987. Defendants filed the peremptory exception raising the objections of prescription and res judicata. The exception was referred to the merits by agreement of the parties.
After trial on the merits judgment was rendered denying plaintiff's claims for weekly worker's compensation benefits and for the assessment of statutory penalties and attorney's fees. Judgment was rendered in favor of plaintiff on the claim for the payment of medical expenses in the sum of $18,148.77, plus interest from date of judicial demand.
From this judgment defendant appeals alleging as error the trial court's determination that plaintiff's claim for medical expenses had not prescribed. Plaintiff answered the appeal and alleges as error the trial court's determination that plaintiff's claim for weekly worker's compensation benefits had prescribed and the trial court's failure to assess statutory penalties and attorney's fees for defendant's allegedly arbitrary and capricious failure to pay plaintiff's medical expenses.
In oral reasons for judgment the trial court found that plaintiff's condition was an injury which occurred within the scope of his employment. However, he found that the action had prescribed because it was not commenced within two years of the date of the accident. The trial court further found that prescription was neither *631 suspended nor interrupted given that plaintiff had made a prior worker's compensation claim with Water Works for which he received benefits. He had never been told that the long term disability payments received through the employer sponsored disability insurer were wages in lieu of compensation; nor had he been induced in any way by his employer to withhold filing this action.

WEEKLY WORKER'S COMPENSATION BENEFITS
In brief, defendant contends that plaintiff's heart condition does not constitute a compensable worker's compensation injury because the coronary disease was not causally related to plaintiff's employment.
In order for coronary disease to be a compensable injury under worker's compensation, the employee must establish that the accident occurred during the course of employment in that it arose from some job related stress or exertion. Carruthers v. PPG Industries, Inc., 551 So.2d 1282, 1292 (La.1989), on rehearing.
Dr. James Calvin stated that angina is a manifestation of the underlying coronary disease process. He further stated that certain aspects of a job such as working outdoors in high humidity and high temperatures can precipitate or aggravate events associated with the underlying coronary disease.
It is uncontroverted that plaintiff's duties consisted of heavy manual labor and that plaintiff suffered severe chest pain (determined to be angina attacks) while performing manual labor in the course and scope of his employment.
Accordingly, the trial judge was correct in determining that plaintiff's coronary disease was a work related injury for purposes of worker's compensation.

PRESCRIPTION OF WEEKLY WORKER'S COMPENSATION BENEFITS
Plaintiff alleges that the trial court erred in determining that his claim for weekly worker's compensation benefits had prescribed.
Generally, a worker's compensation claim is barred unless asserted within one year from the date of the accident. When the injury does not result at the time of the accident or does not develop immediately after the accident the one year limitation does not take effect until one year from the time the injury develops. In such cases, however, the claim is forever barred unless instituted within two years of the accident. La.R.S. 23:1209(A).
Development of the injury has been equated in the jurisprudence with development of the disability. "[D]isability marks the time from which it is clear that the employee is no longer able to perform the duties of his employment in a satisfactory manner." Swearingen v. Air Products & Chemical, Inc., 481 So.2d 122, 124 (La. 1986).
Holmes suffered chest pain in June and July, 1984. He was hospitalized on September 27, 1984. An angioplasty was performed on October 4, 1984. Dr. Calvin testified that in October, 1984, soon after the angioplasty was performed, he advised plaintiff not to return to employment requiring heavy manual labor. Plaintiff was advised to seek other types of employment.
This action was instituted on June 29, 1987, more than two years from the June and July, 1984 work related accidents. Thus, the suit is barred under La.R.S. 23:1209(A) because the claim has prescribed on its face, unless plaintiff can prove that he was lulled into a state of false security and induced to withhold filing suit by his employer. Franz v. New Orleans Breakers, Limited Partnership, 515 So.2d 1120 (La.App. 5th Cir.1987).
Plaintiff contends that he did not know that his heart condition was an injury which was compensable under the worker's compensation act because Ralph Herig, defendant's personnel manager, never mentioned that possibility to plaintiff. Plaintiff does not allege that Herig deliberately or intentionally lied or misrepresented the facts to plaintiff. Nor does plaintiff allege *632 that he discussed the possibility of receiving worker's compensation benefits with Herig.
Herig testified that his duties are those of an administrator. His duties do not encompass counseling, advising or giving legal opinions to employees regarding the claims processed through his office. He stated that it was never alleged to him that the coronary disease was a work related injury or accident. His first indication that plaintiff's coronary disease was a possible compensable injury was in 1987. He processed plaintiff's application for long term disability benefits through the employer sponsored group insurance plan by forwarding the application to the insurer.
Plaintiff contends that he has an eighth grade education and was not aware of the existence of worker's compensation benefits. However, he received benefits for a work related ankle injury approximately two years prior to the angina attacks. Further, he knew that he was applying for long term disability benefits, and as a condition of receiving long term disability benefits was required by the insurer to also apply for Social Security Disability.
The trial court found that neither the employer nor the insurer attempted to lull plaintiff or induce him to withhold filing suit and thus did not interrupt prescription. After careful review of the record we conclude that the findings of the trial court are not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

MEDICAL EXPENSES
Defendant contends that the trial court erred in holding that plaintiff's claim for medical expenses had not prescribed.
Citing Lester v. Southern Casualty Insurance Company, 466 So.2d 25 (La.1985), the trial court stated that La.R.S. 23:1209 does not apply to claims for medical expenses incurred as a result of a work related injury; rather, those claims are governed by La.C.C. art. 3544.[2]
The prescription period for weekly benefits claims under the Worker's Compensation Act is provided in La.R.S. 23:1209, as amended by La. Acts 1983, 1st Ex.Sess., No. 1, § 1. Prior to Lester, La.R.S. 23:1209 had been interpreted by the jurisprudence to provide the same prescriptive period to claims for medical expenses as those for weekly benefits. In Lester, the Louisiana Supreme Court reversed prior jurisprudence to the contrary and held that La.R.S. 23:1209 (as amended by La. Acts 1983, 1st Ex.Sess., No. 1, § 1), did not provide the prescriptive period for claims for medical expenses. Those claims were held to be governed by La.C.C. art. 3544 which provided a ten year prescriptive period for personal actions. Lester was decided on April 1, 1985. Subsequent to Lester La. R.S. 23:1209 was amended by La. Acts 1985, No. 926, § 1. On authority of La. R.S. 24:253, subsection B as contained in Act 926 was redesignated as subsection C. La.R.S. 23:1209(C) provides:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
The injury developed in October, 1984. The Lester decision was handed down on April 1, 1985. La.R.S. 23:1209(C), as amended by La. Acts 1985, No. 926, § 1, was published in the official journal on August 21, 1985, and became effective on January 1, 1986.
Prescriptive statutes which may potentially affect vested causes of action may be applied retroactively where the legislature grants to the parties a time period in which to exercise their rights. This is implicitly *633 accomplished where the legislature expressly provides for a delay in the effectiveness of the statute. Maltby v. Gauthier, 506 So.2d 1190 (La.1987); Reichenphader v. Allstate Insurance Co., 418 So.2d 648 (La.1982). The delay period, however, must be reasonable. Reichenphader, 418 So.2d at 649. After consideration, we find, as did our brethren of the Second Circuit in Brown v. Reese, 532 So.2d 187, 191 (La. App. 2d Cir.1988), on rehearing, that the delay period in La. Acts 1985, No. 926, § 1 provided a reasonable time in which the parties could assert their rights.
Even assuming that Lester applied to an injury which developed in October, 1984, and extended to ten years the prescriptive period in which to file a claim for medical expenses, plaintiff had until January 1, 1986, (the effective date of the act which shortened the prescriptive period) in which to file his claim. The claim was not filed until June 29, 1987. Thus, the claim for medical expenses has prescribed. Accordingly, that portion of the judgment of the trial court granting plaintiff's claim for medical expenses is reversed. Costs of this appeal are assessed against plaintiff.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] The named defendant is Baton Rouge Water Works Company. At trial, Ralph Herig, Personnel Manager for Baton Rouge Water Works Company testified that plaintiff was actually employed by Parish Water Company, which he stated was a wholly owned subsidiary of Baton Rouge Water Works Company. The benefits plans and insurance plans were administered through Baton Rouge Water Works Company.
[2] La.C.C. art. 3544 was vacated by the amendment and reenactment of Chapter 4 of Title XXIV of Book III of the Civil Code by Acts 1983, No. 173, effective January 1, 1984. The subject matter contained in former La.C.C. art. 3544 is now contained in La.C.C. art. 3499.