ON REMAND
CARTER, Judge.
The issue presented is whether plaintiff’s claim for medical benefits under the Worker’s Compensation Law has prescribed.
FACTS
On August 8, 1988, plaintiff, Alton N. Sanchez, filed suit seeking worker’s compensation and medical benefits for an injury which allegedly occurred while he was working for Abita Lumber Company. Named as defendants were Abita Lumber Company and its insurer, Indiana Lumber-mens Mutual Insurance Company (Lumber-mens). Lumbermens responded by filing the peremptory exception raising the objection of prescription. The trial court maintained Lumbermens’ exception and dismissed plaintiff's claims. Plaintiff appealed this adverse judgment alleging that the trial court erred in finding that his claims for supplemental earnings and medical benefits had prescribed.[2] In an unpublished opinion, this court, in reversing the trial court judgment maintaining Lumbermens’ exception, determined that plaintiff’s claim for supplemental earnings benefits had not prescribed, but failed to address the issue of medical benefits.
Thereafter, plaintiff and Lumbermens applied for writs of certiorari to the Louisiana Supreme Court. The court denied Lumbermens’ writ application. Sanchez v. Abita Lumber Company, 567 So.2d 614 (La.1990). The court granted a portion of plaintiffs writ application and remanded the matter to this court for the limited purpose of deciding whether plaintiffs medical benefits claim had prescribed. Otherwise, plaintiffs writ application was denied. Sanchez v. Abita Lumber Company, 567 So.2d 601 (La.1990).
MEDICAL BENEFITS
The only issue currently before us is whether plaintiffs claim for medical bene *157 fits has prescribed. In his petition, plaintiff asserted that he was injured on or about May 25, 1984, and that Lumbermens paid worker’s compensation and medical benefits from the date of the accident through October 30, 1985. No evidence was offered to controvert these assertions. Plaintiff instituted his action for worker’s compensation and medical benefits on August 8, 1988.
Prior to April 1,1985, although the worker’s compensation statute did not specify a time limitation for actions for medical benefits, the jurisprudence applied a one-year period. Brown v. Travelers Insurance Company, 247 La. 7, 169 So.2d 540 (1964). Thereafter, in Lester v. Southern Casualty Insurance Company, 466 So.2d 25 (La.1985), the supreme court determined that the prescriptive provisions of LSA-R.S. 23:1209 did not apply to claims for medical expenses, expressly overruling Brown v. Travelers Insurance Company, 169 So.2d at 540. The court then determined that because the Worker’s Compensation Law did not expressly provide a prescriptive period for medical benefits, a claimant’s claim for medical benefits was governed by the ten-year prescriptive period of LSA-C.C. art. 3544.[3] Lester v. Southern Casualty Insurance Company, 466 So.2d at 28. Lester was decided on April 1, 1985, and was applicable to all claims filed on or subsequent to that date. By Acts 1985, No. 926, § 1, the Legislature amended LSA-R.S. 23:1209 C,[4] to provide as follows:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
The effective date of this amendment was January 1, 1986.
In Brown v. Reese, 532 So.2d 187, 191 (La.App. 2nd Cir.1988), our brethren of the Second Circuit addressed the retroactivity of this provision as follows:
Under our law, statutes of prescription are remedial and are applicable to all actions instituted after they become effective, even though the cause of action occurred before the statute was enacted. Lott v. Haley, 370 So.2d 521 (La.1979); Billedeau v. Prather, 493 So.2d 920 (La. App. 3d Cir.1986); Achord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1st Cir.1986).
However, even though these statutes are retroactive as a general rule, they may not violate the constitutional prohibition against divesting a vested right unless a reasonable time is allowed for those affected by the Act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950). It is recognized that the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Lott v. Haley, supra.
This court expressly followed this rationale in Holmes v. Baton Rouge Water Works Company, 558 So.2d 629, 633 (La.App. 1st Cir.1990). In fact, in Holmes and Brown v. Reese, 532 So.2d at 191, the provisions of LSA-R.S. 23:1209 C were applicable to injuries which occurred and to claims filed pri- or to the effective date of the act.
In the instant case, we find that although the accident occurred in May of 1984, plaintiff received medical benefits from Lumber-mens through October 30, 1985. Plaintiff’s suit filed within three years of the date of the last payment was timely. See Rusher v. Winningham Nissan Volvo, Inc., 550 So.2d 784 (La.App. 2nd Cir.1989). Compare Bouillion v. Sam Broussard Trucking Co., Inc., 525 So.2d 628 (La.App. 3rd Cir.1988).
*158 CONCLUSION
For the above reasons, the judgment of the trial court maintaining Lumbermens’ exception pleading the objection of prescription with regard to plaintiff’s claims for medical benefits is reversed. The matter is remanded to the trial court for proceedings consistent with the views expressed herein and in our prior unpublished opinion. Lumbermens is assessed with all costs.
REVERSED AND REMANDED.

. In his original appeal, plaintiff conceded that his claims for temporary total, permanent total, and permanent partial disability benefits had prescribed.

. By Acts 1983, No. 173, this article number was vacated, and the substance of LSA-C.C. art. 3544 was reproduced in LSA-C.C. art. 3499.

. The provisions of LSA-R.S. 23:1209 B were redesignated as subsec. C on authority of LSA-R.S. 24:253.