623 So.2d 150 (1993)
Amanda LEE
v.
EAST BATON ROUGE PARISH SCHOOL BOARD.
No. CA 92 0367.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
Writ Denied November 12, 1993.
*151 Daniel J. McGlynn, Baton Rouge, for plaintiff-appellant.
Harold Adkins, Baton Rouge, for defendant-appellee.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
WHIPPLE, Judge.
This is an appeal by plaintiff from the trial court's judgment maintaining defendant's peremptory exception raising the objection of prescription. For the following reasons, we affirm in part, reverse in part, and amend in part.

*152 FACTS AND PROCEDURAL HISTORY
Amanda Lee was employed by the East Baton Rouge Parish School Board (School Board) as a school teacher from 1975 until 1986. On May 24, 1984, Lee sustained an on-the-job injury, when a student hit her from behind. Following this injury, the School Board paid her workers' compensation benefits from May 24, 1984 through February 12, 1986, when plaintiff returned to work.
After the injury and prior to her return to work on February 12, 1986, plaintiff was evaluated by numerous physicians including Dr. Milton Holt, Dr. Stephen Wilson, Dr. Herbert Plauche, Dr. Derwood Facundus, Dr. William Fisher, Jr., Dr. Lawrence Fogel, Dr. Douglas Davidson, and Dr. Thad Broussard.
On the day following the injury, Lee was seen by Dr. Milton Holt, her family physician, for complaints of left lower back pain. Although Dr. Holt continued to treat plaintiff periodically through December of 1986, he referred plaintiff to Dr. Stephen Wilson, an orthopedic surgeon, for an orthopedic evaluation two months after the May, 1984 accident. Although Lee told Dr. Wilson that she had experienced lower back pain since the work accident, Dr. Wilson's examination of Lee revealed no objective findings, and Lee was informed that she could return to all previous activities. Dr. Wilson also told Lee in September, 1984 that he did not think she would have any form of permanent partial disability.
On October 22, 1984, Lee was examined by another orthopedist, Dr. Herbert Plauche, who opined that Lee was able to continue her usual occupational duties as a school teacher.
In the fall of 1985, Lee also received treatment from Dr. Douglas Davidson, a general practitioner. Dr. Davidson saw plaintiff on October 14, 1985, and by report dated December 2, 1985, Dr. Davidson stated that although he did not have advantage of any x-rays at that time, he felt that Lee possibly had a herniated nucleus pulposus with a neurogenic bladder.
Because Lee also complained of urinary problems following the May, 1984 accident, her family doctor also referred her to Dr. Derwood Facundus, a urologist, for evaluation in November, 1984. After a complete urodynamic evaluation, Dr. Facundus reported that he saw no significant urological abnormality to account for Lee's back pain, and concluded that plaintiff's irritable bladder symptoms were not related to the accident at work.
The School Board eventually requested that Lee be evaluated by Dr. Thad Broussard, an orthopedic surgeon. Dr. Broussard examined Lee on October 15, 1985, and stated he was unable to document any objective findings to support plaintiff's multiple subjective complaints. Dr. Broussard also reported to the School Board that he believed Lee was attempting to mislead him on part of the examination and that he was "stating flatly" that Lee was not disabled with low back pain as a result of the May 24, 1984 injury at work.
Lee's family physician also referred her to Dr. William Fisher, Jr., a neurosurgeon, who examined Lee in early January, 1985. Dr. Fisher reported Lee's neurological examination as normal and requested EMG studies of the left upper and lower extremity and a CT scan of the cervical and lumbar spine, to rule out the need for further neurosurgical evaluation and treatment. On January 9, 1985, Dr. Lawrence Fogel, a neurologist, performed the EMG studies requested by Dr. Fisher. Both studies were normal.
Apparently at the referral of Dr. Holt, Lee was also treated from January 5, 1985 through January 29, 1986 by Dr. Donald Richardson, director of the pain treatment center at Hotel Dieu Hospital. In his discharge summary, Dr. Richardson reported that Lee could perform light work, which was defined as lifting up to 20 pounds with significant walking and standing. The report also stated there were no limitations placed on plaintiff's back motion.
Based upon the reports of Drs. Wilson, Broussard and Richardson, by letter dated February 6, 1986, the School Board informed Lee that she was no longer eligible for workers' compensation wages and requested that she return to work by February 12, 1986.
*153 Lee returned to work on the requested date and accordingly, defendant's last payment of weekly compensation benefits to plaintiff was made on February 12, 1986. On April 3, 1986, Lee allegedly sustained injuries in a second work accident when a student in her classroom pushed his chair back against her and slammed a garbage can into her leg. Lee immediately felt a sharp pain and took the student to the principal's office where she filed an incident report regarding the child's behavior. According to plaintiff, her leg and feet began swelling after the accident, and she returned to Dr. Davidson, a general practitioner for treatment.[1] On May 8, 1986, Lee returned to Dr. Davidson with swelling predominantly on the medial aspect of the left thigh, along the left femoral vein. Dr. Davidson diagnosed Lee's condition as femoral phlebitis and placed her on bed rest and anti-inflammatory medication.
Lee reported the second injury to the School Board on May 8, 1986, and made inquiries at that time concerning initiation of compensation benefits. However, Lee's claim for compensation benefits was denied by the School Board because she did not report the second injury within 30 days of its occurrence. Thus, while Lee missed three weeks of school because Dr. Davidson had placed her on bed rest, she did not receive compensation benefits for the three week period.
Lee continued her employment with the School Board through the end of the school year, and resigned effective May 30, 1986. Lee then moved to St. Helena Parish, where she taught for the 1986-1987 school year. Her last day of work for the St. Helena Parish School Board was May 15, 1987.
On May 29, 1987 (two weeks after her last day of work with the St. Helena Parish School Board), Lee filed a claim for compensation benefits with the Office of Workers' Compensation (OWC) for injuries received in the May 24, 1984 and April 3, 1986 incidents which had occurred during her employment with the East Baton Rouge Parish School Board. On June 29, 1987, the OWC issued its recommendation, stating that "the indemnity (weekly benefits) portion and the medical portion of this claim are prescribed since no claim for compensation was filed with this Office until May 29, 1987." By certificate dated July 15, 1987, the OWC acknowledged that Lee had received the recommendation on July 3, 1987, and had rejected it.
Over one year later, on September 9, 1988, Lee filed suit against the School Board for workers' compensation benefits, alleging she was totally disabled as a result of the May 24, 1984 and April 3, 1986 work related accidents. In response to plaintiff's petition, the School Board answered and asserted that any claim for wage benefits relating to the two accidents and/or any claim for medical benefits relating to the April 3, 1986 injury were prescribed. On October 12, 1989, the School Board filed a peremptory exception raising the objection of prescription.
On December 18, 1989, Lee filed an amended petition, alleging in the alternative that she was entitled to supplemental earnings benefits. A hearing on the exception was conducted on December 21, 1989, and by judgment dated January 9, 1990, the trial court denied the School Board's exception.
A bench trial was held on July 31 and August 1, 1990. By judgment dated May 8, 1991, the trial court maintained the School Board's peremptory exception of prescription and dismissed Lee's claim with prejudice.
Lee appeals, contending that the trial court erred: (1) in finding that her claim was prescribed, (2) in rejecting her claim for medical expenses, (3) in failing to rule on her claim for mileage expenses, and (4) in failing to award disability benefits for a permanent total disability. Lee also asserts that the trial court erred in ruling after trial on the merits that Lee's claim was prescribed when the court had previously denied the School Board's exception of prescription.
For purposes of this discussion, appellant's complaints will be addressed as they separately *154 relate to each of the two accidents. To facilitate our discussion, we will also address the accidents in the reverse order of their occurrence.

THE TRIAL COURT'S INITIAL DENIAL OF PRESCRIPTION
At the outset, we address Lee's procedural complaint that the court erred in its second ruling on the exception of prescription. Lee contends in her reply brief that because the trial court had previously denied the School Board's exception prior to trial and no appeal was taken therefrom, the court's initial ruling should not have been set aside after trial. We find no merit in this argument.
The overruling of a peremptory exception is an interlocutory order. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The trial court has the authority to review an interlocutory order rendered by it and to change it if the earlier ruling would do substantial injustice. Miller v. Campbell, 407 So.2d 491, 492 (La.App. 1st Cir.1981). Thus, appellant's argument that the trial court improperly reconsidered and ruled upon the exception after trial is without merit.

CLAIMS RELATED TO THE ACCIDENT OF APRIL 3, 1986

(the second accident)

Weekly Compensation Benefits
Lee contends the trial court erred in applying prescription to deny her claim for disability benefits for the April 3, 1986 accident (the second accident), which she contends has rendered her totally disabled. Generally, a suit for workers' compensation benefits must be filed within one year after the date of the accident.
LSA-R.S. 23:1209(A), as amended January 1, 1986, provides in pertinent part:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and ... in this Chapter.... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
Furthermore, LSA-R.S. 23:1311, as it read at the time of the 1986 injury and at the time Lee instituted suit, provided that if any party rejected the recommendation of the OWC, the employee was required to file suit within 60 days of receipt of the recommendation or within the period established in LSA-R.S. 1209, whichever occurred last. As stated above, Lee's claim for compensation benefits for the April 3, 1986 accident was filed with the OWC on May 29, 1987. The OWC's recommendation was received by plaintiff and rejected on July 3, 1987. Plaintiff's suit was not filed in the district court until September 9, 1988.
Thus, although Lee did not institute suit within 60 days of receipt of the OWC's recommendation or within the one year period or two year periods provided for in LSA-R.S. 23:1209, she nonetheless asserts that her claim for benefits relating to the 1986 accident was not prescribed.
Lee argues that her injuries had not manifested within one year of the April 3, 1986 accident, but were instead developmental injuries which led to an onset of disability which occurred on May 15, 1987, the last day she worked for the St. Helena Parish School Board. Lee contends that the two year prescriptive period of LSA-R.S. 23:1209 applies and thus, she argues, her claim filed with the OWC on May 29, 1987 was timely because it was filed within one year from the time her injury developed and within two years of the date of the accident.
Additionally, Lee contends that her claim for weekly benefits for the April 3, 1986 accident was not prescribed because she was *155 "lulled" into withholding suit through a letter she received from Dr. Alvin Decuir, her former principal. In this letter, dated July 10, 1987, Dr. Decuir stated that Lee's workers' compensation claim had been approved based upon "new information."
Lee also argues that disability retirement benefits she began receiving from the Louisiana Teachers Retirement Association in July 1987 were paid "in lieu" of workers' compensation benefits and thus her claim was not prescribed.
After trial on the merits, the trial judge found that Lee's claim had prescribed, and in written reasons for judgment, the court stated that Lee's "lulling" and "payment in lieu" arguments were without merit inasmuch as her claim had already prescribed prior to July 10, 1987, when the principal's letter was issued.
In granting the School Board's exception of prescription, the trial court implicitly rejected Lee's developmental injuries claim and ruled that Lee's injuries were manifested on the date of the accident, April 3, 1986. See Binder v. American Cyanamid Company, 458 So.2d 216, 217 (La.App. 5th Cir.1984). A trial court's rejection of the developing injury theory is a factual determination which may not be disturbed by this court unless it is clearly wrong. Brown v. Reese, 532 So.2d 187, 189 (La.App. 2nd Cir.1988). After reviewing the record, we can not state that the trial court was clearly wrong in rejecting Lee's contention that the injuries related to the April 3, 1986 accident did not develop until May 15, 1987.
The record reveals that following the April 3, 1986 accident, Lee suffered from swelling in her leg and feet. Plaintiff's medical expense record shows an April 17, 1986 visit to Dr. Davidson with the notation "office call" and "INJ." On May 8, 1986, she was again examined by Dr. Davidson, who diagnosed plaintiff's condition as femoral phlebitis for which bed rest was prescribed. Lee testified that she missed three weeks of work because Dr. Davidson had placed her on bed rest. Certainly as of May 8, 1986, Lee was aware that her injuries prevented her from performing the duties of her employment in a satisfactory manner. Holmes v. Baton Rouge Water Works Company, 558 So.2d 629, 631 (La.App. 1st Cir.1990).
The record also shows that shortly after this diagnosis, Lee inquired about receiving workers' compensation benefits and was informed by Mr. Grady Hazel, then director of finance for the School Board, that the School Board was contesting her claim and was unwilling to make any payments relating to the April 3, 1986 incident at school. A statement by the employer's representative that the employee has no valid claim should serve to notify the employee that she cannot rely on receiving compensation without suit and that she must pursue her claim otherwise than through amicable settlement with the employer. Miller v. Olinkraft, 395 So.2d 902, 906 (La.App. 2nd Cir.1981).
Based on our review of the record including the extensive medical records and documentary evidence, we conclude that the trial court was not clearly wrong in finding that Lee's claim for weekly compensation benefits was prescribed by the time she filed her claim with the OWC. We find, as did the trial court, that Lee's "lulling" and "payment in lieu" arguments are also without merit.
The letter from Dr. Decuir, which was written after Lee's claim had already prescribed, could not have induced her to withhold suit until after the time for prescription had passed. See Wesley v. Claiborne Electric Co-op, Inc., 446 So.2d 857, 859 (La.App. 2nd Cir.), writ denied, 450 So.2d 955 (La.1984). Similarly, disability retirement benefits that Lee began to receive after her workers' compensation claim had already prescribed also cannot be deemed to have interrupted the prescriptive periods set forth in LSA-R.S. 23:1209. See Cheatham v. Morrison, 469 So.2d 1219 (La.App. 1st Cir.1985).

Medical Expenses
The trial court also concluded that Lee's claims for medical expenses had prescribed. LSA-R.S. 23:1209(C), which became effective on January 1, 1986, provides:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the *156 accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
There is nothing in the record to suggest that Lee and the School Board had reached an agreement concerning the payment of medical expenses relating to the April 3, 1986 accident within a year following the accident. To the contrary, Mr. Hazel informed Lee by letter dated May 27, 1986 that the School Board was rejecting her claim. Moreover, Mr. Hazel, who was responsible for handling Lee's workers' compensation file through at least June of 1987, testified that medical expenses relating to the April 1986 accident were not paid by the School Board while he handled the claim. In the absence of payment or an agreement to pay medical expenses or alternatively, the filing of a formal claim within one year of the accident, the trial court properly concluded that Lee's claim for medical expenses relating to the April 3, 1986 accident was also prescribed. See Holmes, 558 So.2d at 632.
Accordingly, Lee's contentions on appeal that the trial court erred in dismissing her claims for compensation benefits and/or medical expenses relating to the April 3, 1986 accident are without merit.

CLAIMS RELATED TO THE ACCIDENT OF MAY 24, 1984

(the first accident)

Weekly Compensation Benefits
Lee also contends that the trial court erred in concluding that her claim for compensation benefits relating to the first accident on May 24, 1984 was prescribed. We find merit in appellant's contention.
LSA-R.S. 23:1209, as amended effective January 1, 1986, also applies to Lee's claim for the May 24, 1984 injury. Sanchez v. Abita Lumber Company, 578 So.2d 156, 157 (La.App. 1st Cir.), writ denied, 580 So.2d 924 (La.1991). LSA-R.S. 23:1209(A) provides that where compensation payments have been made to the employee by the employer, the employee has one year from the time of the last payment to file a claim for benefits. However, in the case of supplemental earnings benefits, the limitation does not take effect until three years from the time of making the last payment of benefits.
Lee instituted suit on September 8, 1988. Because more than one year since the last payment of benefits had passed, Lee's claim for any compensation benefits relating to the May 1984 accident, other than supplemental earnings benefits, has prescribed. However, because suit was instituted within three years of the last payment of compensation benefits by the School Board for the May 1984 accident, her claim for supplemental earnings benefits was timely. Wright v. Aetna Life and Casualty Company, 360 So.2d 235, 237 (La.App. 1st Cir.1978); Foster v. Manville Forest Products Corp., 465 So.2d 920, 924 (La.App. 2nd Cir.1985).
However, after considering the record before us, we find that Lee has failed to prove her entitlement to such benefits. To recover supplemental earnings benefits as set forth in LSA-R.S. 23:1221(3), the employee must prove that the injury resulted in her inability to earn at least 90% of her previous wages. Moore v. Mason & Dixon Tank Lines, 540 So.2d 525, 528 (La.App. 1st Cir.), writ denied, 541 So.2d 1390 (La.1989).
The overwhelming weight of the medical evidence, including the reports of Doctors Wilson, Plauche, Facundus, Fisher, Broussard and Richardson, supports the conclusion that at least as of February 12, 1986, the date when Lee returned to work, she was capable of performing her duties as a school teacher and suffered no residual disability as a result of the May 24, 1984 accident.
Moreover, Dr. Davidson, Lee's treating physician, testified at trial that he related Lee's lower back complaints to the 1984 accident and her left leg problems to the 1986 accident. Dr. Davidson stated that considering only Lee's low back complaints, which he related to the 1984 accident, Lee was capable *157 of sedentary type work. Thus, we find that, considering the medical evidence as a whole, Lee has failed to prove by a preponderance of the evidence any further disability after February 12, 1986 related to the accident on May 24, 1984. Consequently, she is not entitled to supplemental earnings benefits.

Medical Expenses
LSA-R.S. 23:1209(C) provides that where medical benefits have been paid, the employee has three years from the date of the last payment of medical benefits to file a claim for such benefits. It is apparent from Mr. Hazel's testimony that medical expenses relating to the May 24, 1984 injury were paid as late as August 28, 1986. Because Lee instituted this action within three years of the last payment, her claim for medical expenses related to the May 24, 1984 accident was also timely. Sanchez, 578 So.2d at 157.
In considering Lee's entitlement to specific medical expenses, we must address her contention that the trial judge erred in relying upon the testimony of the School Board's adjuster, Chris Brocato. Lee contends that the trial court could not consider this testimony because it was elicited at the previous hearing on the exception of prescription and was not properly introduced at trial on the merits. However, a court may take judicial notice of its own proceedings and records in the same action. Thus, it was not necessary for the transcript of the hearing on the School Board's exception to be offered into evidence at trial on the merits and this contention lacks merit. See Fontana v. Fontana, 426 So.2d 351, 355 (La.App. 2nd Cir.), writ denied, 433 So.2d 150 (La. 1983); Chrysler Credit Corporation v. Henry, 221 So.2d 529, 534 (La.App. 4th Cir.1969).
Regarding Lee's entitlement to medical expenses, a workers' compensation plaintiff is required to establish his claim to a reasonable certainty and by a preponderance of the evidence. The award of medical expenses must be limited to those shown to have been made necessary by the accident. An injured employee is not entitled to recover for medical expenses where she fails to offer proof to substantiate her claim. City of Baton Rouge v. Noble, 535 So.2d 467, 473 (La.App. 1st Cir.1988), writ denied, 539 So.2d 632 (La.1989). We find that Lee has failed to prove that the medical expenses she incurred following the 1984 injury, which have not already been paid by the School Board, are related to or were necessitated by her work accident.[2] The bills of these doctors and facilities submitted by Lee do not indicate what services were provided or the purpose therefor. In the absence of narrative reports or depositional or trial testimony by the doctors rendering the services to establish the nature of the services provided, the relation of the services to Lee's 1984 accident, or the need for such services, we must conclude that Lee has failed to establish her entitlement to reimbursement. Lynn v. Berg Mechanical, Inc., 582 So.2d 902, 912 (La.App. 2nd Cir.1991).
For example, the statement in the medical bill of Dr. Alex Davis that "her recent injury to her lower back could possibly cause the related symptoms of pain," does not establish by a reasonable preponderance the necessity and relationship of the treatment to the accident. Lynn, 582 So.2d at 912.
Thus, we conclude that although Lee's claim for reimbursement of medical expenses relating to the 1984 accident was not prescribed, appellant has failed to prove by a preponderance any entitlement to such expenses.
Regarding Lee's claim for prescription expenses, the only bill relating to the period after Lee's 1984 accident and prior to her 1986 accident is from Bordelon's Pharmacy. However, the records introduced at trial show that the prescriptions listed on the Pharmacist's Statement for the period of May of 1984 through March of 1985 do not include the name of the prescribing doctor nor do the records establish that the prescriptions were necessitated by or related to *158 the 1984 injury. Moreover, the record does not establish that the medications prescribed by Dr. George Diggs and Dr. Alex Davis are reimbursable as Lee has made no showing in the record that treatment by these doctors was necessitated by or related to injuries from the 1984 accident.
After carefully examining plaintiff's prescription diary, we conclude the prescriptions from Dr. Davidson and Dr. Holt are the only prescription expenses recoverable. Doctors Holt and Davidson both treated Lee following the 1984 accident. Dr. Davidson explained at trial that he prescribed pain medication, anti-inflammatory agents, anti-depressants and tranquilizers for Lee in the course of treatment. The total amount billed by Bordelon's Pharmacy for medication prescribed by these doctors during the relevant time period was $86.43. However, the records of the School Board indicate that Lee was reimbursed for prescription drugs in the amount of $133.35 on May 3, 1985 and $43.99 on July 19, 1985. Moreover, Lee admitted at trial that the School Board paid her $195.90 in 1986 for reimbursement of medical expenses. Therefore, we conclude that Lee has failed to demonstrate by a reasonable preponderance that she is entitlement to reimbursement for any additional or outstanding prescription expenses.
Regarding reimbursement for mileage expenses, LSA-R.S. 23:1203(C) provides that the employer shall be liable for the expenses "reasonably and necessarily" incurred for mileage traveled by the employee to obtain medical services. Lee has requested mileage reimbursement for visits made to Tulane Medical Center, including trips to the Tulane Medical Center neurosurgery clinic, bone clinic and x-ray clinic, and Hotel Dieu Hospital. However, because the record does not contain evidence of the medical services provided, the relation of the services to Lee's 1984 accident, or their necessity, Lee is not entitled to reimbursement for travel expenses related to these visits. See Coalgrove v. Spider Staging Sales Co., 530 So.2d 655, 658 (La.App. 4th Cir.1988).
However, the nature and necessity of the services provided by Tyler Chiropractic Clinic, Dr. Milton Holt and Dr. Douglas Davidson are substantiated in the record. Thus, Lee is entitled to reimbursement for the travel expenses incurred in connection with treatment by these health care providers. Accordingly, the judgment of the trial court is amended to include an award to Lee of $616.00 for mileage expenses. This amount represents eight round trips of 40 miles each to Dr. Davidson's office, five round trips of 140 miles each to Dr. Davidson's office, 29 round trips of 40 miles each to Tyler Chiropractic Clinic, 21 round trips of 20 miles each to Dr. Holt's office, and 4 round trips of 120 miles each to Dr. Holt's office, for a total of 3,080 miles at 20 cents per mile.[3]See Coalgrove, 530 So.2d at 658.
We do not believe that the School Board was arbitrary or capricious in failing to pay Lee for her mileage expenses inasmuch as the first claim for such expenses was made on April 10, 1990, shortly before trial. Moreover, the School Board legitimately contested its responsibility for the medical expenses of the numerous doctors and health care providers consulted by plaintiff in the course of her medical treatment. Thus, we find no legal justification to award penalties or attorney's fees. See Raby v. East Baton Rouge Parish School Board, 289 So.2d 535, 539 (La.App. 1st Cir.1973), writ denied, 292 So.2d 245 (La.1974).

CONCLUSION
For the foregoing reasons, we affirm the portion of the trial court's judgment which granted the School Board's peremptory exception of prescription with regard to Lee's claim for weekly compensation and medical benefits relating to the April 3, 1986 accident. However, insofar as the judgment granted *159 the exception of prescription with regard to the May 24, 1984 accident, the judgment is reversed. The judgment is hereby amended to include an award of $616.00 in favor of appellant, Amanda Lee, and against appellee, the East Baton Rouge Parish School Board, for reimbursement of mileage expenses incurred for treatment related to the original accident on May 24, 1984.
Costs of this appeal, in the amount of $1,295.13, are assessed equally between the parties.
AFFIRMED IN PART; REVERSED IN PART; AMENDED IN PART; AND RENDERED.
NOTES
[1] Dr. Davidson's invoice indicates that on April 17, 1986, he saw Lee for an office call and "INJ". However, there is no report in the record of his findings on that visit. Lee's mileage record indicates that she was also examined by Dr. Davidson on April 8, 1986. There is no report in the record of the doctor's findings on this visit either.
[2] These expenses include the bills of Dr. Edward Norman, Dr. Alex Davis, Dr. Anthony Leggio, Baton Rouge General Medical Center, Dr. George Camatsos, Tulane Medical Center Clinic, and the Neurosurgery Clinic at Tulane Medical Center. Lee also submitted a bill with an outstanding balance from Dr. Milton Holt. However, by letter dated July 2, 1990, Dr. Holt stated that there was no outstanding balance related to Lee's workers' compensation claim.
[3] On November 19, 1985, March 11, 1985, and March 28, 1985, Lee traveled from Amite to Baton Rouge for visits with both Dr. Holt and Dr. Davidson. In our computations, on those dates, mileage was only allowed for the trip to Dr. Davidson's office, which represents the longer distance. Similarly, on September 30, 1985, Lee traveled to Baton Rouge to Dr. Holt's office and Tyler Chiropractic. Mileage was only allowed for the trip to Tyler Chiropractic, which represents the longer distance.