11 GASKINS, J.
The plaintiff, Eva Lee Brown, appeals a ruling by a workers’ compensation judge (WCJ), finding that her claim for medical benefits for injuries to her right knee had prescribed. We reverse and remand for further proceedings.
FACTS
The plaintiff was employed as a dry grader on a wood line at a plant operated by the defendant, Willamette Industries. On April 2, 1996, at approximately 6:30 p.m,, the plaintiff was struck by some wood on the wood line and was knocked to the floor, with the wood falling on her. She injured her neck and back at that time. A report of injury was made on April 15, 1996. The plaintiff was treated for her back injuries and underwent surgery on her neck. She made no complaint at that time regarding the right knee. Willamette paid both indemnity and medical benefits. The plaintiff later claimed that she also injured her right knee in her fall. She had arthroscopic surgery on the knee in September 1997 and again in February 1999. According to the defendant, this surgery was covered on the plant’s group health insurance as a non-work-related injury.
In November 1997, after the first knee surgery, Ms. Brown obtained legal counsel who began sending demand letters to Willamette, claiming that the knee was injured in the accident at work. Willamette refused to authorize and pay for medical benefits for the plaintiffs knee. On March 17,1999, the plaintiff filed a disputed claim *1099 for workers’ compensation benefits. Based upon La. R.S. 23:1209(C), Willamette filed an exception of prescription, asserting that this claim, filed almost three years after the accident, had prescribed.
On December 13, 1999, the WCJ signed a judgment in favor of Willamette, sustaining the exception of prescription and dismissing the plaintiffs claims. In reasons for judgment, the WCJ found that the issue was governed by the prescriptive period set forth in La. R.S. 23:1209(C). The WCJ found that the | ^plaintiff knew as early as November 12, 1997 that Willamette would not pay her claim for-medical benefits. Yet, she waited one year and four months to file her disputed claim for compensation. The WCJ also found that Willamette’s payment of benefits for the plaintiffs neck and back injuries arising from the accident did not interrupt prescription. The plaintiff appealed.
PRESCRIPTION FOR MEDICAL BENEFITS
On appeal, Ms. Brown contends that the WCJ erred in sustaining the exception of prescription. She claims that because Willamette paid indemnity and medical benefits for her neck and back injuries as a result of her work-related accident, the prescriptive period was interrupted and her claim for payment of the medical benefits for her knee surgery would not prescribe until three years after the last payment for medical benefits. According to Ms. Brown, under Willamette’s argument, a claimant for medical expenses with multiple injuries from a single accident would have to file multiple medical claims for each injury.
La. R.S. 23:1209(C) provides:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
It is well settled that the findings of a WCJ are given great deference and will not be set aside by an appellate court absent a finding of manifest error or unless clearly wrong. Brown v. Caddo Career Center, 28,111 (La.App.2d Cir.2/28/96), 669 So.2d 712, writ denied, 96-1042 (La.5/31/96), 674 So.2d 262. The purpose of a prescriptive period is to enable an employer to determine when its potential liability for an accident will cease. Clark v. Mrs. Fields Cookies, 97-0397 (La.1/21/98), 707 So.2d 17. When a workers’ compensation claim to recover ^benefits has prescribed on its face, the claimant has the burden of showing that prescription was interrupted in some manner. Brown v. Caddo Career Center, supra; Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2d Cir.1991).
Under the clear wording of the statute, claims for medical benefits are barred unless within one year after the accident, the parties have agreed upon payments to be made or a formal claim has been filed with the Office of Workers’ Compensation. However, when medical benefits have been paid, the time limitation for making additional claims for medical benefits is three years from the last payment of medical benefits. Bellard v. Grey Wolf Drilling, 98-651 (La.App. 3d Cir.12/9/98), 722 So.2d 1171, writ denied, 99-0059 (La.3/12/99), 739 So.2d 202.
In the present case, it is not disputed that the plaintiff was injured in a work-related accident on April 2, 1996 and the defendant paid both indemnity and medical benefits for the plaintiff. The plaintiff claims that her knee injury developed later, but was also caused by the accident. The defendant urges a narrow interpretation of La. R.S. 23:1209(C) in arguing that only medical payments for the plaintiffs *1100 knee injury arising from this accident would serve to satisfy the requirements of the last sentence of the statute. The defendant has offered no support for such a restrictive view. According to Willamette, payment of medical benefits for the neck and back injuries is not sufficient to interrupt prescription. Such an interpretation of La. R.S. 23:1209(C) would be contrary to the rule that workers’ compensation provisions are to be liberally construed in favor of coverage. Caparotti v. Shreveport Pirates Football Club, 33,570 (La.App.2d Cir.8/23/00), 768 So.2d 186; Brown v. Ruskin Manufacturing Company, 33,015 (La.App.2d Cir.4/5/00), 756 So.2d 667.
As stated in Bollard v. Grey Wolf Drilling, supra, the statute is specific as to what is sufficient to interrupt prescription of claims for medical benefits: payments Lof medical benefits within three years. There is no limitation that the medical benefits must be confined to certain injuries. See Sanchez v. Abita Lumber Company, 578 So.2d 156 (La.App. 1st Cir.1991), unit denied, 580 So.2d 924 (La.1991), where suit for additional medical expenses filed within three years of the date of the last payment of medical benefits was timely-
Willamette argues that “It contravenes Louisiana’s jurisprudentially stated purpose of prescription if one accepts the plaintiffs contention that as long as Willamette pays medical benefits for the plaintiffs neck and back she can file a claim for an alleged knee injury at any time.” According to Willamette, “If one follows such logic, an employer could never determine its potential liability for any medical benefits for any other physical complaint the plaintiff employee may have, notwithstanding the lack of a relation between the complaint and the accident.” This statement is simply erroneous. A workers’ compensation plaintiff must establish his claim to a reasonable certainty and by a preponderance of the evidence. The award of medical expenses must be limited to those shown to have been made necessary by the accident. An injured employee is not entitled to recover for medical expenses where she fails to offer proof to substantiate her claim. Lee v. East Baton Rouge Parish School Board, 623 So.2d 150 (La.App. 1st Cir.1993), unit denied, 627 So.2d 658 (La.1993). While the plaintiffs claim has not prescribed, she still bears the burden of proving that her alleged knee injury is attributable to the accident of April 2, 1996. Absent such a showing, Willamette will not be liable for the medical expenses concerning the plaintiffs knee.
We find that, because Willamette was making payments for medical expenses arising from this accident and because the present claim for medical expenses was filed within three years of the last payment of such expenses, the plaintiffs claim has not prescribed. The WCJ’s ruling to the contrary is clearly wrong and manifestly erroneous. Accordingly, the decision sustaining 1,.Willamette’s exception of prescription is reversed. However, the plaintiff still bears the burden of showing that the knee injury was caused by the work-related accident of April 2, 1996. Therefore, the case is remanded for further proceedings.[1]
CONCLUSION
For the reasons stated above, we reverse the ruling of the WCJ which sustained an exception of prescription in favor of the defendant, Willamette Industries. We overrule the exception of prescription as to the plaintiffs claim for medical benefits and remand the matter for further proceedings. Costs in this court are assessed to Willamette Industries.
REVERSED AND REMANDED.

. Because we find that the WCJ erred in sustaining the exception of prescription in this case, we do not reach the plaintiff’s alternative argument that examination of the plaintiff by the defendant's medical expert constituted treatment of the knee injury.