JjDECUIR, Judge.
In this workers’ compensation case, the claimant appeals a judgment of the workers’ compensation judge denying a claim for supplemental earnings benefits, penalties, and attorney fees. For the reasons that follow, we affirm.
FACTS
Verna Culbert was employed for seventeen years in the evisceration department of Con-Agra’s chicken processing plant. In March of 1995, she developed tendinitis in her wrist as a result of the repetitive nature of her work at ConAgra. At the time, she was 56 years old and suffered from hypertension and diabetes.
Culbert sought treatment from the company physician, Dr. James D. Knecht, on April 25, 1995. Dr. Knecht diagnosed tendinitis in the left wrist and prescribed an anti-inflammatory drug and an analgesic cream. He also placed her in a wrist splint and restricted the use of her wrist for two weeks. On May 10, 1995, Culbert returned to Dr. Knecht who continued her treatment program for another two weeks. On May |224, 1995, Dr. Knecht’s records indicate she returned and was feeling better and having no problems. Dr. Knecht released her from his care indicating that she should avoid excessive wrist activity and that she could return to work in a job rotation situation.
During the course of her treatment, Cul-bert worked at the ConAgra plant at the gizzard and liver table and transporting chickens from place to place in a job rotation that reduced her repetitive wrist motion. In June 1995, she was advised by the plant personnel manager, Betty Hardison, that her restriction would be permanent. She contends Hardison told her that ConAgra had no job for her but would accommodate her until December 1995 when she could retire and claim four weeks of vacation. Hardison contends that Culbert indicated that she could continue in her job rotation and intended to retire in December. In any event, Culbert continued to work in the job rotation without complaint or further treatment until her voluntary retirement in December of 1995.
In January 1996, Culbert filed a claim for Social Security disability benefits and began drawing in May 1996. In July 1996, Culbert filed this claim for supplemental earnings benefits. After protracted litigation on prescription issues which reached this court in March 1997, ConAgra offered Culbert the job which she was working at the time of her retirement. Culbert did not respond and the matter proceeded to trial. The hearing officer rejected Culbert’s demands for supplemental earnings benefits, penalties and attorney fees. Culbert lodged this appeal.
STANDARD OF REVIEW
Factual findings in workers’ compensation eases are subject to the manifest error or clearly wrong standard of appellate review. Smith v. Louisiana Dep’t of Corrections, 93-1305 (La.2/28/94); 633 So.2d 129. In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State, |3617 So.2d 880 (La.1993). Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Stobart, 617 So.2d 880. Thus, “if the [factfinder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if it is convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
SUPPLEMENTAL EARNINGS BENEFITS
Culbert first contends that the workers’ compensation judge erred in failing to *45 award supplemental earnings benefits. The crux of her argument is that because she was drawing Social Security disability benefits, ConAgra could not have met its burden of proof to defeat her claim for SEB. We disagree.
An employee is entitled to receive supplemental earnings benefits (SEB) if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage. La. R.S. 23:1221(3)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual ease. Freeman v. Poulan/Weed Eater, 93-1530, (La. 1/14/94); 630 So.2d 733. “This analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that workers’ compensation is to be liberally construed in favor of coverage.” Daigle v. Sherwinr-Williams Co., 545 So.2d 1005, 1007 (La.1989).
In the present ease, the workers’ compensation judge found that Culbert suffered from an occupational disease which by its nature constitutes a prima facie case of disability. We find, based on the record, that this conclusion was reasonable.
LOnce the employee’s burden is met, the burden shifts to the employer who, in order to defeat the employee’s claim for SEB or establish the employee’s earning capacity, must prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer’s community or reasonable geographic region. La.R.S. 23:1221(3)(c)(i); Daigle, 545 So.2d 1005.
Recognizing that the appellate courts were applying inconsistent standards in determining whether the employer had met its burden of proof, the supreme court, in Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551, established certain minimum standards. The court said:
[W]e conclude that an employer may discharge its burden of proving job availability by establishing, at a minimum, the following, by competent evidence:
(1) the existence of a suitable job within claimant’s physical capabilities and within claimant’s or the employer’s community or reasonable geographic region;
(2) the amount of wages that an employee with claimant’s experience and training can be expected to earn in that job; and
(3) an actual position available for that particular job at the time that the claimant received notification of the job’s existence.
Id. at p. 11; 557.
Applying this minimum standard to the instant case, we conclude that the hearing officer was not manifestly erroneous or clearly wrong in finding that ConAgra had presented sufficient competent evidence to carry its burden. ConAgra clearly established the existence of a job within Culbert’s capabilities. At the time of her voluntary retirement, Culbert was working at ConAgra. The only medical records produced indicated that Culbert had been released to work and did in fact work without |5complaint or further medical treatment. Culbert argues strenuously that the fact that she qualified for Social Security disability benefits means that no job is within her physical capabilities. Unfortunately, Culbert produced no medical records which establish the basis on which she was disabled for the purposes of Social Security. Given that she suffers from hypertension and diabetes, the disability determination could be based on a worsening of these conditions and would have no bearing on her job-related injury. Under the circumstances, it was reasonable for the workers’ compensation judge to conclude that Culbert ■was capable of doing the job when she voluntarily retired and, based on the submitted medical evidence, she was currently capable of doing the job.
The parties stipulated that Culbert’s average weekly wage while employed was $274.40. ConAgra did not reduce her salary when she was reassigned to the job rotation *46 and was willing to rehire her at that wage. Accordingly, ConAgra met the second minimum standard of establishing Culbert’s expected earnings.
Finally, ConAgra established that Culbert could return to the job she left which accommodated her disability. Therefore, we conclude that the workers’ compensation judge’s finding that ConAgra had carried its burden of proof to defeat Culbert’s claim for supplemental earnings was reasonable.
PENALTIES AND ATTORNEY FEES
Culbert argues that the workers’ compensation judge erred in failing to award penalties and attorney fees. The determination whether an employer should be cast with penalties and attorney fees in a workers’ compensation case is essentially a question of fact and a workers’ compensation judge’s finding shall not be disturbed absent manifest error. Foster v. Liberty Rice Mill, 96-438 (La.App. 3 Cir. 12/11/96); 690 So.2d 792. We find no manifest error in the workers’ compensation judge’s denial of penalties and attorney fees in this case.
I CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. All cost of this appeal are taxed to claimant-appellant, Verna Culbert.
AFFIRMED.