732 So.2d 733 (1999)
Joseph JACKSON, Sr., Plaintiff-Appellant,
v.
DOMTAR INDUSTRIES, INC., Defendant-Appellee.
No. 98-1335.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1999.
Writ Denied July 2, 1999.
*735 Lawrence N. Curtis, Lafayette, for Joseph Jackson, Sr.
William Allen Repaske, New Iberia, for Domtar Industries, Inc.
Before COOKS, DECUIR and AMY, Judges.
AMY, Judge.
In this workers' compensation matter, the plaintiff appeals the lower court judgment, in which the workers' compensation judge held that the plaintiff's claims had prescribed, in part, and further held that he was not entitled to future compensation benefits, as he was no longer disabled. Additionally, the workers' compensation judge ruled that neither penalties nor attorney's fees were warranted. For the following reasons, we affirm, in part, and remand, in part.

Factual and Procedural Background
In January of 1989, the plaintiff, Joseph Jackson, Sr., was working for the defendant, Domtar Industries, Inc., as a front-end loader operator. As part of his duties, he testified that he was required to "scoop the salt [from the mine] and load it in the... truck and let the truck carry it to the crusher." He stated that he was injured as he was climbing down the ladder on the front-end loader when he missed his step and fell backward on the salt. At the hearing held on July 1, 1998, Plaintiff stated that, although he was having more problems with his lower back, he was also experiencing headaches after his injury.
Defendant initially paid Plaintiff $267.00 per week after the incident and then began paying him $653.94 per month. In May of 1994, Defendant reduced Plaintiff's payments to $577.49. Plaintiff filed his disputed claim for compensation (1008) on June 12, 1997, seeking full temporary total disability benefits (TTD) from the date of the accident, or, in the alternative, full supplemental earnings benefits (SEBs). He also sought reimbursement of past medical expenses, future medical expenses, and penalties and attorney's fees.
Upon the conclusion of the hearing, the workers' compensation judge ruled that, except for the one year period prior to Plaintiff's filing of his 1008, his claim for TTD benefits had prescribed. Similarly, he ruled that Plaintiff's SEB claim had prescribed, except as to the two year period *736 prior to the filing of the claim. He also ruled that Plaintiff was no longer disabled and, hence, not entitled to future compensation benefits and that Defendant was not liable for penalties and attorney's fees, as it reasonably controverted Plaintiff's claim and did not act in an arbitrary and capricious manner. It is from that judgment that Plaintiff appeals, presenting the following assignments of error for our review:
(1) The Hearing Officer committed an error of law in finding that Claimant's claims for temporary total disability benefits or an increase in supplemental earnings benefits during certain time periods had prescribed, when LSA-R.S. 23:1209(A), and the jurisprudence interpreting said statute, give Claimant one (1) year from the date on which the last payment of any benefits under LSA-R.S. 23:1221(1), (2), (3), or (4), is made to file a claim for any type of workers' compensation benefits, except supplemental earnings benefits (as to which Claimant would have three (3)years from said date to file a claim therefor).
(2) The Hearing Officer committed an error of law in failing to adjudicate Claimant's claims for (a) temporary total disability benefits or an increase in supplemental earnings benefits during the time periods not covered by his ruling on prescription, (b) reimbursement for past medical expenses he incurred to treat his work-related injuries and (c) necessary medical expenses for the present treatment of his work-related injuries and his continuing complaints of pain.
(3) Alternatively, the Hearing Officer erred in failing to award Claimant (a) temporary total disability benefits or an increase in supplemental earnings benefits, (b) reimbursement for past medical expenses he incurred to treat his work-related injuries, (c) necessary medical expenses for the present treatment of his work-related injuries and his continuing complaints of pain and (d) penalties and attorney's fees in light of the evidence establishing Claimant's entitlement to these items.

Discussion

Prescription
Plaintiff contends that he was receiving SEBs "up to and past" the time he filed his 1008 on July 28, 1997. He, therefore, submits that his claim has not prescribed under La.R.S. 23:1209(A). Conversely, Defendant submits that the trial court correctly ruled that Plaintiff's claims for TTD benefits and increased SEBs have prescribed. Defendant states, in brief, that Plaintiff has not received TTD benefits since 1991, nor has he received SEBs in the amount requested since 1994. It asserts that Plaintiff's "inaction" has "allowed these claims to become stale and prescribe."
In his 1008, Plaintiff contends that he is entitled to TTDs or increased SEBs based upon the "worsening medical condition of his lower back" and neck pain. We will address those two alleged medical conditions separately in this discussion.
Regarding the time period within which an employee must file a workers' compensation claim, La.R.S. 23:1209(A) provides as follows:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits *737 pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
"The purpose of [a] prescriptive period is to protect employers from the burdensome litigation of stale claims." Krieg v. Krieg Bros. Terrazzo Co., Inc., 93-1065, p. 3 (La.App. 3 Cir. 9/28/94); 645 So.2d 661, 663, writ denied, 95-0152 (La.3/30/95); 651 So.2d 837. While we note that prescriptive statutes are to be narrowly construed, see, e.g., Dugas v. Durr, 96-744 (La.App. 3 Cir. 3/6/98); 707 So.2d 1368, writ denied, 98-0910 (La.5/15/98); 719 So.2d 464, we find that all claims regarding Plaintiff's alleged neck pain have prescribed. Further, the evidence fails to demonstrate a causal connection between the 1989 accident and that alleged neck pain. Plaintiff's workplace accident occurred on January 13, 1989. However, the record contains no documentation of Plaintiff's alleged neck problems until November 3, 1997, at which time Dauterive Hospital noted that Plaintiff was allegedly experiencing arm pain and neck pain when he moved his arm. Parenthetically, we observe that there is a gap in medical records from February 7, 1991, through November 3, 1997. The evidence indicates that Defendant had no notice of Plaintiff's neck allegations until the 1008 was filed in this matter. Moreover, although it did continue SEB payments at least through April of 1998, none of those payments were for neck-related disability. Accordingly, we find this portion of Plaintiff's assignment regarding prescription to be without merit.
However, we find that the workers' compensation judge erred in holding that Plaintiff's claims regarding disability resulting from an alleged increase in his back pain had prescribed. Unlike Plaintiff's alleged neck complaints, Defendant had been put on notice of Plaintiff's back problems shortly after the accident in 1989, and those problems are supported by medical documentation. Additionally, neither party contests that SEB payments were made by Defendant through April of 1998. Therefore, pursuant to La.R.S. 23:1209(A), Plaintiff had one year from that date to file a claim for TTD benefits and three years from that date to make a claim for increased SEBs due to disability causally connected to that injury.[1] We note that, in his reasons for judgment, the workers' compensation judge discussed the legislature's "prescriptive intent" and explained his ruling regarding prescription by stating that, otherwise, some claimants may wait until the 519th week to file a claim for SEBs. Here, however, we do not face the problem of the ten-year limit for receiving SEBs pursuant to La.R.S. 23:1221(3)(d), as Plaintiff filed his claim well within that ten-year period. As we have determined that Plaintiff's claims regarding his back pain have not prescribed, we will address his assignments of error concerning the merits of that matter.

TTD Benefits
Although Plaintiff asserts that the workers' compensation judge did not adjudicate *738 his entitlement to TTD benefits for the time period not covered by his ruling on prescription, we find that he did, in fact, render a judgment on the matter, as he held that "the claimant is no longer disabled, and, therefore, is not entitled to future compensation benefits."
Regarding entitlement to TTD benefits, La.R.S. 23:1221(1)(c) provides, in pertinent part, as follows:
For purposes of Subparagraph (1)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment ..., compensation for total temporary disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
To satisfy the burden of proving, by clear and convincing evidence, his physical inability to engage in any employment, Plaintiff was required to introduce objective medical evidence of his disabling condition. See Jones v. El Mesero Restaurant, 97-636 (La.App. 3 Cir. 10/29/97); 702 So.2d 1133; See also Fritz v. Home Furniture-Lafayette, 95-1705 (La.App. 3 Cir. 7/24/96); 677 So.2d 1132. However, the record is devoid of any such evidence. Rather, what is included in the record are physicians releases stating that Plaintiff is capable of returning to light to medium duty employment. For example, on September 6, 1990, Dr. Daniel L. Hodges, who had been treating Plaintiff for his back pain, released him to return to light to medium duty work. Additionally, on February 7, 1991, Dr. Louis C. Blanda opined that Plaintiff "should be able to do light to medium duty work." Moreover, on February 3, 1998, Dr. Blanda stated that, after re-evaluating Plaintiff, his opinion was that Plaintiff could return to work without restrictions. Accordingly, Plaintiff has failed to present objective medical evidence of his disability. We, therefore, find this portion of the assignment without merit.

SEB Benefits
Contrary to Plaintiff's assertion, for the reasons previously discussed, we find that this issue has also been adjudicated. In addressing the issue of Plaintiff's entitlement to increased SEBs, we turn to La.R.S. 23:1221(3), which provides, in pertinent part:
(a) For injury resulting in the employee's inability to earn wages equal to ninety per cent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis.
. . . .
(c)(i) Notwithstanding the provisions of Subparagraph (b) of this Paragraph, for purposes of Subparagraph (a) of this Paragraph, if the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, *739 as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region.
(ii) For purposes of Subsubparagraph (i) of this Subparagraph, if the employee establishes by clear and convincing evidence, unaided by any presumption of disability, that solely as a consequence of substantial pain, the employee cannot perform employment offered, tendered, or otherwise proven to be available to him, the employee shall be deemed incapable of performing such employment.
Ordinarily, for Plaintiff to establish his entitlement to SEBs, he would be required to demonstrate, by a preponderance of the evidence, his inability to earn wages equal to at least ninety percent of those earned prior to his accident. See Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94); 633 So.2d 129. However, since Defendant has been paying Plaintiff SEBs through April of 1998, Plaintiff's prima facie case has been proven. See Scherer v. Interior Plant Design, 98-702 (La. App. 3 Cir. 10/28/98); 724 So.2d 797; See also Fortune v. Charbonnet-Labat Funeral Home, 95-1954 (La.App. 4 Cir. 3/14/96); 671 So.2d 988. Accordingly, the burden shifted to Defendant to establish, by a preponderance of the evidence, that Plaintiff "is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the [Defendant's] community or reasonable geographic region." Culbert v. ConAgra, Inc., 98-238, p. 4 (La.App. 3 Cir. 6/3/98); 716 So.2d 43, 45, writ denied, 98-1817 (La.10/16/98), 726 So.2d 908.
Upon review, we find that Defendant has satisfied its burden. Although Plaintiff stated that he had not been offered any of the jobs, at the hearing he did admit that he had been tendered fifteen to twenty jobs through Defendant's vocational rehabilitation services. He further testified that, in 1994, Defendant conducted additional rehabilitation and located more jobs for him shortly before his benefits were reduced. He also stated that, to his knowledge, his physician had approved those jobs. We observe that Plaintiff has failed to counter with "clear and convincing evidence, unaided by any presumption of disability" that he is incapable of performing the tendered employment "solely as a consequence of "substantial pain." La.R.S. 23:1221(3)(c)(ii). As "actual job placement is not required," Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840, p. 9 (La.7/1/97); 696 So.2d 551, 556, we find that Defendant properly reduced Plaintiff's SEB payments. See Fortune, 95-1954; 671 So.2d at 992. Therefore, this portion of the assignment is also without merit.

Penalties and Attorney's Fees
Regarding the propriety of the assessment of penalties in workers' compensation matters, La.R.S. 23:1201 provides, in pertinent part, as follows:
A. Payments of compensation under this Chapter shall be paid as near as may be possible, at the same time and place as wages were payable to the employee before the accident....
B. The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer or insurer has knowledge of the injury or death, on which date all such compensation then due shall be paid.
C. Installment benefits payable pursuant to R.S. 23:1221(3) [SEBs] shall become due on the fourteenth day after the employer or insurer has knowledge of the compensable supplemental earnings benefits on which date all such compensation then due shall be paid.
. . . .

*740 F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid....
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
Regarding attorney's fees, La.R.S. 23:1201.2 provides, in pertinent part:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims.
Initially, we observe that the workers' compensation judge's determination as to whether penalties and attorney's fees are due is primarily a factual question. Accordingly, we will not reverse that determination in the absence of manifest error. See Clark v. Town of Basile, 98-439 (La. App. 3 Cir. 10/7/98); 719 So.2d 730. Regarding the issue of penalties, the reasonableness of Defendant's controversion of Plaintiff's claim turns on whether, at the time Plaintiff's benefits were reduced, it possessed factual or medical information sufficient to "reasonably counter" that presented by Plaintiff. Brown v. Texas-La Cartage, Inc., 98-1063, p. 9 (La.12/1/98); 721 So.2d 885, 890. Based upon the physician's releases previously discussed, coupled with the jobs it tendered to Plaintiff, we find that it did possess such information. Accordingly, we find no error in the workers' compensation judge's decision against awarding penalties. We, likewise, find no error in the failure to award attorney's fees. The determination of whether the reduction of Plaintiff's benefits was "arbitrary, capricious, or without probable cause depends primarily upon the facts known to [Defendant] at the time of termination of benefits." Harris v. Langston Company, Inc., 94-1266, p. 12 (La. App. 3 Cir. 4/5/95); 653 So.2d 789, 797, writ denied, 95-1178 (La.6/23/95); 656 So.2d 1020. As stated above, Defendant had in its possession releases from Plaintiff's treating physicians, opining that he could return to some form of employment. The record also indicates that Defendant actively engaged in the vocational rehabilitation of Plaintiff. This assignment of error is, therefore, without merit.

Entitlement to Medical Benefits
Although Plaintiff asserted his entitlement to medical benefits in his 1008, the record does not contain the workers' compensation judge's ruling regarding such alleged entitlement. We, therefore, find that a remand is warranted as to that issue. See Francisco v. Harris Management Co., 94-136 (La.App. 3 Cir. 10/5/94); 643 So.2d 386.

DECREE
For the foregoing reasons, the judgment of the lower court is affirmed, in part, and remanded, in part. Costs associated with this appeal are to be divided equally between the parties.
AFFIRMED, IN PART; REMANDED, IN PART.
COOKS, J., dissents and would remand case.
NOTES
[1] We note that the workers' compensation judge referred to a two-year period within which to claim SEBs. That period is provided for in La.R.S. 23:1221(3)(d)(i), which provision states as follows:

(d) The right to supplemental earnings benefits pursuant to this Paragraph shall in no event exceed a maximum of five hundred twenty weeks, but shall terminate:
(i) As of the end of any two-year period commencing after termination of temporary total disability, unless during such two-year period supplemental earnings benefits have been payable during at least thirteen consecutive weeks.
However, we find that the three-year period provided for in La.R.S. 23:1209(A) is applicable, as Defendant paid Plaintiff SEBs for more than thirteen consecutive weeks.