|.SAUNDERS, J.
Defendants assert that the only issues to be addressed at the trial of this matter are the alleged failure to pay medical bills and medical mileage. Therefore, they applied for supervisory writ to review the judgment on their exception of prescription in an attempt to avoid the expense and delay of a trial on the matter. We granted supervisory writs to review the workers’ compensation court’s denial of defendants’ exception of prescription with respect to unpaid medical bills. We affirm the ruling of the Workers’ Compensation Judge (“WCJ”).
FACTS
The facts in this matter appear to be undisputed. The plaintiff, Perry Crochet, contends that on August 11, 1995, he sustained an injury in the course and scope of his employment with Perf-O-Log, Inc. Louisiana Workers’ Compensation Corporation (“LWCC”) paid medical expenses to, or on behalf of, Mr. Crochet through May 27, 1998. No further requests for payment were forwarded to LWCC until November of 2001. On or after November 19, 2001, LWCC made four additional payments of medical benefits related to Mr. Crochet’s August 11, 1995 injury for medical bills incurred after May 27, 1998, and during the statutory three-year prescriptive period. Based on this lapse of more than three years between payment of medical expenses by LWCC, the defendants argue that the three-year prescriptive period provided by La.R.S. 23:1209(0 has ran, and they are under no further obligation to pay Mr. Crochet’s medical expenses.
After a hearing the WCJ denied the exception by written judgment dated October 9, 2002. Upon request for written reasons for judgment, the WCJ orally stated:
*777 Payment of the medical bills in this case has not prescribed. The claimant had treatment within the three-year period. The defendant paid | ¿for the medical visits. It has not prescribed.
The defendants assert that the WCJ committed legal error by declaring that Mr. Crochet’s claim for medical benefits and medical mileage had not prescribed.
DISCUSSION
The applicable prescriptive period for benefits under the workers’ compensation statutes is provided in La.R.S. 23:1209. Paragraph (C) of section 1209 deals specifically with the payment of medical benefits. Paragraph (C) provides:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
La.R.S. 23:1209(C) (emphasis added).
The unique facts of this case appear to present a question of first impression within our jurisdiction. The majority of cases addressing this particular subsection of section 1209 have questioned what specific types of payments interrupt the three-year prescriptive period. We have not found another case specifically addressing the factual situation we are presented with here, where additional medical expenses are incurred during the three-year prescriptive period following a payment of medical benefits and are voluntarily paid more than three years after the last preceding payment of medical benefits.
We first note that the rules of statutory interpretation are clear and well established.
The starting point for interpretation of any statute must be the language of the statute itself; when the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be \ applied as written and its letter shall not be disregarded in search of the intent of the legislature. LSA C.C. art. 9; Barrilleaux v. NPC, Inc., 98-0728 (La.App. 1 Cir. 4/1/99), 730 So.2d 1062, 1064, writ denied, 99-1002 (La.5/28/99), 743 So.2d 672. (Emphasis added).
Lawson v. City of New Orleans, 99-2767 (La.App. 4 Cir. 7/12/00), 774 So.2d 163, 166.
The defendants maintain that the case of Bellard v. Grey Wolf Drilling, 98-0651 (La.App. 3 Cir. 12/9/98), 722 So.2d 1171, unit denied, 99-0059 (La.3/12/99), 739 So.2d 202, a prior case decided by this court, is controlling in this matter. While we agree that Grey Wolf presents the correct interpretation of La.R.S. 23:1209(C), and that it provides a very detailed and accurate analysis of the application of the prescriptive period for medical benefits as provided by the appropriate workers’ compensation law, Grey Wolf does not address the very specific issue before this court, nor does our decision in this matter in any way undermine the validity of the Grey Wolf opinion.
The Grey Wolf case does not address the application of section 1209(C) in an instance such as this one, where three years have passed since the last payment of medical benefits and the employer then voluntarily pays additional medical benefits after the three-year prescriptive period has run. Our holding in Grey Wolf *778 merely states that nothing other than payments for medical benefits serves to interrupt the three-year prescriptive period provided by 1209(C).
When read in conjunction with the first sentence of that paragraph, it is clear that when medical benefits have been paid, the time limitation for making additional claims for medical benefits is three years from the last payment of medical benefits. As the statute is written, nothing other than payments of medical benefits interrupts the three year prescription provided in the second sentence of paragraph C.
Id. at 1173.
|/This circuit has routinely held that nothing but the payment of medical benefits can interrupt the prescriptive period for medical benefits. See Dequeant v. City of Jennings, 01-0141 (La.App. 3 Cir. 5/2/01), 784 So.2d 860. Until recently there has been a split within the circuits on this issue. In Boquet v. Tetra Techs., Inc., 02-1634 (La.2/25/03), 839 So.2d 13, the supreme court settled the split among the circuits on this issue and accepted our analysis of 1209(C)’s prescriptive period. The supreme court found the language of La.R.S. 23:1209(C) to be clear and unambiguous, stating:
The plain language of these provisions leads to the inescapable conclusion that when medical benefits have been paid, the time limitation for making additional claims for medical benefits is three years from the last payment of medical benefits. Because the legislature chose to qualify the three-year period with the last payment of “medical” benefits, instead of simply the last payment of “benefits,” we are constrained to find that only defendants’ payment of medical benefits serves to interrupt the three-year prescriptive period established in La. R.S. 23:1209(C).
Boquet, 839 So.2d at 17-18.
Chief Justice Calogero authored a concurrence to the Boquet opinion, however, recognizing that the 1985 amendment of 1209(C) is poorly drafted legislation, which likely does not accurately reflect the intent of the legislature. In his concurrence Chief Justice Calogero stated:
[T]he only policy § 1209(C) furthers is one that encourages the injured employee who is drawing weekly indemnity benefits to incur unnecessary medical expenses for the purpose of keeping his claim for medical expenses alive. See Levatino [v. Domengeaux & Wright, P.L.C.], 593 So.2d [721], 724 [ (La.App. 1 Cir.1991) ]- Section 1209(C) needlessly operates in this case to deny a validly injured worker expense reimbursements for medical treatment received after a three-year period where the worker did not, often for commendable reasons, seek treatment from a physician.
Boquet, 839 So.2d at 18-19.
The defendants also rely heavily on the supreme court case of Lima v. Schmidt, 595 So.2d 624 (La.1992), as support for their argument that after three years of non-payment the prescriptive period of 1209(C) has accrued and it may not be interrupted. We first note that in Lima the supreme court was specifically addressing the one-year prescriptive period for delictual actions provided by La.Civ. Code art. 3492. Article 3492 provides:
Delictual actions are subject to a li-berative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law gov *779 erning product liability actions in effect at the time of the injury or damage.
The language used in 1209(C) is substantially different from the language in article 3492 in that 1209(C) provides for the running of prescription from the date of a payment, rather than the date of incident or accident. Therefore, unlike article 3492 where the prescriptive period start date is fixed in time and begins to run from the date of incident, once medical benefits have been paid to an employee the prescriptive period in La.R.S. 23:1209(C) resets every time a subsequent payment of medical benefits is made until such time as the statutory prescriptive period runs uninterrupted. As the supreme court stated in Lima, “we observe that prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted.” Lima, 595 So.2d at 629.
In addition to this distinction, however, we recognize no prescription problem under this set of facts. We do not see this as a matter of interrupting prescription after it has run. As we read 1209(C), the last sentence applies to each individual expense rather than all medical expenses as a group. Mr. Crochet received medical benefits | ¿from LWCC until May 27, 1998. Within the three-year statutory prescription period provided by 1209(C) Mr. Crochet received additional medical treatment for his injuries arising from the August 11, 1995 work-related injury.
Under the facts of this case the last payment for medical expenses on Mr. Crochet’s behalf was made on May 27, 1998. Under our reading of 1209(C), if Mr. Crochet had incurred expenses before May 27, 1998, had incurred no other expenses for three years, and failed to reach an agreement on payment or file a formal claim, those expenses would have prescribed. If he incurred expenses before May 27, 1998, incurred additional expenses within three years from May 27, 1998, failed to make a claim for the old or new medical expenses within three years from May 27, 1998, and failed to reach an agreement on payment, the medical expenses incurred prior to the payment on May 27 would still have prescribed. As with the present matter, however, the later expenses, if agreed to by the parties or if the employee filed a formal claim within three years from the time they were incurred, would not have prescribed.
Since the November 2001 payments were for medical expenses incurred within the statutory prescriptive period, they now become the last medical payments for the purpose of calculating prescription under 1209(C). Based on the above analysis, we find that the language of La.R.S. 23:1209(C) is clear and unambiguous. As stated in the statute, “this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.” LWCC voluntarily made payments to, or on behalf of, Mr. Crochet in November of 2001 for medical expenses incurred less than three years after the LWCC’s May 27, 1998 payment of medical benefits. Those payments are clearly the “last payment of medical benefits” by |7LWCC. Therefore, Mr. Crochet’s claims for medical benefits submitted within three years of those payments have not prescribed.
DECREE
For the reasons stated above we affirm the ruling of the workers’ compensation *780 judge and deny writs. We assign all costs of this writ to the defendants.
WRIT DENIED.