STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-707

DAVE NEAL

VERSUS

TOWN OF WELSH

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO.  05-04237
CHARLOTTE L. BUSHNELL
WORKERS' COMPENSATION JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge,  J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Kevin L. Camel**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad Street**
**Lake Charles, LA 70601**
**Counsel for Plaintiff-Appellant:**
    **Dave Neal**

**Charles M. Jarrell**
**Guglielmo, Lopez, Tuttle, Hunter & Jarrell, L.L.P.**
**P.O. Drawer 1329**
**Opelousas, LA 70571-1329**
**Counsel for Defendant-Appellee:**
    **Town of Welsh**

**PAINTER, Judge.**

Plaintiff, Dave Neal (Neal), appeals the ruling of the Workers' Compensation Judge (WCJ) granting an exception of prescription in favor of Defendant, the Town of Welsh (Welsh). For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Neal was employed by Welsh as a policeman. The parties stipulated that on March 17, 2001, Neal was involved in an accident and injured his right shoulder. Neal was treated by Dr. Michael Holland, who performed surgery on Neal's right shoulder on May 1, 2001. The last indemnity payment was made on Neal's behalf on June 28, 2001. The last payment of medical expenses on Neal's behalf was made on July 28, 2001. A disputed claim was filed with the Office of Workers' Compensation (OWC) on June 10, 2005. Therein, Neal alleged that medical treatment had not been authorized by his employer and sought penalties and attorney's fees for failure to approve medical treatment and for non-payment of medical bills regarding treatment received as a result of the work-related injury. Specifically, Neal alleged that his employer did not pay $340.00 in charges incurred for treatment by Dr. Holland on February 25, 2002 and June 13, 2002.

The WCJ found that Neal would have had to file his claim for payment of benefits within three years of July 28, 2001[1] and granted Welsh's exception of prescription. Neal now appeals, asserting that the doctrine of *contra non valentem* applies and that his suit is timely, since he was unaware that the employer failed to

---

[1]We note that the WCJ's reasons for judgment state that Defendant contends that the last payment for medical bills was July 12, 2001. The reasons for judgment also state that the WCJ finds that the last payment for medical expenses was made July 28, 2001. Keith Frank Catha, the adjuster assigned to Neal's claim, testified on direct examination that the last payment of medical bills was on July 12, 2001; however, on cross-examination, Catha testified that the last bill was paid on July 28, 2001 for services rendered on July 12, 2001. This, apparently, was a bill for copies of medical records.

1

pay the medical expenses until June 2, 2005, when Dr. Holland refused treatment to Neal due to non-payment of his bills.

## DISCUSSION

Louisiana Revised Statutes 23:1209 provides that claims for payment of benefits must be made within three years from the time of making the last payment of benefits. The burden of proof at the trial of the exception of prescription is on the party urging prescription. *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502. However, as in this case, when the pleading is prescribed on its face, the burden shifts to the plaintiff, who must show that his action has not prescribed or prove that prescription has been interrupted. *Id*.; *Gaddy v. Caddo Parish School Bd*., 36,583 (La.App. 2 Cir. 12/11/02), 833 So.2d 1088.

The WCJ's assessment of Neal's knowledge is a factual finding which this court cannot disturb absent an abuse of discretion. *Thomas v. Alliance Compressors*, 04-1034 (La.App. 3 Cir. 12/8/04), 889 So.2d 424, *writ denied*, 05-86 (La. 3/18/05), 896 So.2d 1010. If the conclusions of the finder of fact are reasonable in light of the record reviewed in its entirety, we must affirm that decision. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990).

Neal urges that his action has not prescribed due to the application of the doctrine of *contra non valentem* because his cause of action was not known or reasonably knowable to him. He alleges that because he filed this action within days of discovering that Dr. Holland's bills had not been paid, his claim is timely. We find this argument to be without merit.

There is no evidence to contradict the testimony of the only adjuster to handle Neal's case, Keith Frank Catha, that the last payment of medical expenses on behalf

2

of Neal was made July 28, 2001 and that subsequent to July 12, 2001, he did not have any contact from Neal requesting authority to return to a doctor.

Neal testified that Dr. Holland's office never told him that he had an outstanding balance of $340.00 for treatment rendered in February and June of 2002. He testified that he did not receive any bills or any collections notices related thereto. Neal's medical records from Dr. Holland were jointly submitted into evidence. Contained therein is a letter addressed to Neal at an address in Gueydan, Louisiana, and dated June 22, 2004, stating that there was an outstanding balance of $340.00. Neal testified that he did not live at that address but that his mother-in-law lived there. He further testified that he had never seen the letter from Dr. Holland's office.

On cross-examination, Neal testified that there were some occasions when he brought receipts for medical treatment received in 2001 from Dr. Holland to someone at Welsh Town Hall but that he did not follow that same procedure in 2002 with regard to the treatment received from Dr. Holland at that time. He further testified that he did not tell anyone that he had gone to see Dr. Holland in 2002.

In her reasons for judgment, the WCJ cites *Crochet v. Charles Holston, Inc.*, 02-1257 (La.App. 3 Cir. 6/4/03), 847 So.2d 775, *writ denied*, 03-1878 (La. 11/0703), 857 So.2d 492, for the proposition that only payment of medical benefits interrupts the prescriptive period in this case. While we do not find that case to be dispositive of the issue herein, we do note that she considered Neal's argument relative to *contra non valentem* and apparently rejected it. After a thorough review of the record, we also find that the doctrine of *contra non valentem* is not applicable in this case because Neal has failed to carry his burden of proof. He could have learned, through reasonable diligence, that Dr. Holland's bills from 2002 were not being paid. Therefore, we find no abuse of discretion in the WCJ's ruling.

3

**DECREE**

For the reasons expressed above, we affirm the judgment of the WCJ finding that the claim for medical benefits has prescribed. Costs of this appeal are assessed to Plaintiff-Appellant, Dave Neal.

**AFFIRMED.**

4