# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1271


**SANDRA AHMED**

**VERSUS**

**HOME DEPOT**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 12-03375
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.


**REVERSED AND REMANDED.**


**Matthew D. Fontenot**
**Attorney at Law**
**P. O. Drawer 4407**
**Lafayette, LA 70502**
**(337) 237-0261**
**COUNSEL FOR DEFENDANT RESPONDENT:**
    **The Home Depot**

**C. Roan Evans**
**Attorney At Law**
**300 Stewart Street**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF APPLICANT:**
    **Sandra Ahmed**

**SAUNDERS, Judge.**

This case involves a workers' compensation suit which the claimant filed against her former employer. On August 24, 2009, the claimant allegedly was involved in a work-related accident wherein she sustained injuries to her left hand, neck, back, and hip. Also, on June 11, 2011, the claimant allegedly had another work-related accident and sustained injuries to her right hand. On May 11, 2012, the claimant filed suit seeking indemnity and medical benefits for the neck, back, hip and hand injuries which she sustained in connection with both of her work-related accidents. In response to her suit, the employer filed an exception of prescription seeking dismissal of the claimant's claims pertaining to her neck, back, and hip injuries. On October 2, 2012, the workers' compensation court signed a partial judgment whereby it granted the employer's exception. At this time, the claimant sought review of the Workers' Compensation Judge's (WCJ) ruling.

## ON THE MERITS

Sandra Ahmed (Ahmed) alleges that she has sustained injuries to her left hand, neck, back, and hip as a result of a work-related accident which occurred on August 24, 2009, while working at Home Depot. She also alleges that as a result of these injuries, she has been receiving medical benefits from Home Depot. While Home Depot acknowledges having paid medical benefits to Ahmed since 2009, it maintains that those benefits contemplated only the injuries to Ahmed's left hand. According to Home Depot, it was not made aware of Ahmed's neck, back and hip injuries at that time. In fact, Home Depot contends that it was not made aware of any neck, back or hip injuries until it received an April 16, 2012 report from Dr. James Domingue regarding Ahmed's April 3, 2012 visit. Further, Home Depot contends that Ahmed's April 3, 2012 visit with Dr. Domingue was actually supposed to be for treatment for separate right-hand injury which Ahmed sustained

in a different work-related incident of June 5, 2011. Home Depot notes that Ahmed did not file suit for both of her accidents until May 11, 2012. With regard to the August 24, 2009 accident, Home Depot alleges that Ahmed's claims for any injuries, other than the injury to her left hand, are prescribed because within a year of the accident, no claim was filed and no agreement was reached for the payment of injuries other than the injury to her left hand.

Ahmed asserts that the WCJ erred when she granted Home Depot's exception of prescription and dismissed her claims for benefits for neck, back and hip injuries allegedly sustained in the August 24, 2009 work-related accident. She points out that prescription for the medical benefits portion of a workers' compensation claim is governed by La.R.S. 23:1209(C) (emphasis added), which provides as follows:

> C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. **Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits**.

Ahmed contends that while La.R.S. 23:1209(C) provides that prescription for claims for medical benefits expires three years from the date on which the last medical benefits payment was made, there is no limitation requiring that the medical benefits must have been made to cover injuries to a specific body part. Ahmed acknowledges that she has the burden of proving that that her neck, back, and hip injuries were caused by the work-related accident of August 24, 2009. However, she contends that that battle should be fought at a trial on the merits.

Ahmed contends that the WCJ erroneously based its decision to grant Home Depot's exception on this court's ruling in *Jackson v. Domtar Industries, Inc.*, 98-

1335 (La.App. 3 Cir. 4/7/99), 732 So.2d 733, *writ denied,* 99-1369 (La. 7/2/99), 747 So.2d 21. In that case, this court looked at the issue of whether an injured worker's claims had prescribed under La.R.S. 23:1209(A). This court found that the worker's claim for back injuries had not prescribed because the employer had been put on notice and had received documentation of the back injury shortly after the accident. However, this court found that the worker's claim for neck injuries had prescribed because, although the work-related accident had occurred on January 13, 1989, the employer had not received any documentation of the worker's alleged neck problems until November 3, 1997. In *Jackson*, this court stated the following:

> "The purpose of [a] prescriptive period is to protect employers from the burdensome litigation of stale claims." While we note that prescriptive statutes are to be narrowly construed, we find that all claims regarding Plaintiff's alleged neck pain have prescribed. Further, the evidence fails to demonstrate a causal connection between the 1989 accident and that alleged neck pain. Plaintiff's workplace accident occurred on January 13, 1989. However, the record contains no documentation of Plaintiff's alleged neck problems until November 3, 1997, at which time Dauterive Hospital noted that Plaintiff was allegedly experiencing arm pain and neck pain when he moved his arm. Parenthetically, we observe that there is a gap in medical records from February 7, 1991, through November 3, 1997. The evidence indicates that Defendant had no notice of Plaintiff's neck allegations until the 1008 was filed in this matter. Moreover, although it did continue SEB payments at least through April of 1998, none of those payments were for neck-related disability. Accordingly, we find this portion of Plaintiff's assignment regarding prescription to be without merit.
>
> However, we find that the workers' compensation judge erred in holding that Plaintiff's claims regarding disability resulting from an alleged increase in his back pain had prescribed. Unlike Plaintiff's alleged neck complaints, Home Depot had been put on notice of Plaintiff's back problems shortly after the accident in 1989, and those problems are supported by medical documentation. Additionally, neither party contests that SEB payments were made by Home Depot through April of 1998. Therefore, pursuant to La.R.S. 23:1209(A), Plaintiff had one year from that date to file a claim for TTD benefits and three years from that date to make a claim for increased SEBs due to disability causally connected to that injury. We note that, in his reasons for judgment, the workers' compensation judge discussed the

legislature's "prescriptive intent" and explained his ruling regarding prescription by stating that, otherwise, some claimants may wait until the 519th week to file a claim for SEBs. Here, however, we do not face the problem of the ten-year limit for receiving SEBs pursuant to La.R.S. 23:1221(3)(d), as Plaintiff filed his claim well within that ten-year period. As we have determined that Plaintiff's claims regarding his back pain have not prescribed, we will address his assignments of error concerning the merits of that matter.

*Jackson,* 732 So.2d at 737 (citations omitted) (footnotes omitted).

Ahmed argues that in the *Jackson* case, this court mistakenly stepped into the shoes of the trier of fact and based its decision to partially grant the exception of prescription on a factual finding. In that regard, Ahmed notes that in *Jackson,* the court states that "the evidence fails to demonstrate a causal connection between the 1989 accident and that alleged neck pain." *Jackson,* 732 So.2d at 737. At any rate, Ahmed asserts that the ruling in *Jackson* is superseded by and cannot be reconciled with this court's ruling in *Crochet v. Charles Holston, Inc.*, 02-1257 (La.App. 3 Cir. 6/4/03), 847 So.2d 775, *writ denied*, 03-1874 (La. 11/7/03), 857 So.2d 492. In the *Crochet* case, an employer argued that an injured worker's claim for medical benefits had prescribed under La.R.S. 23:1209(C) because it had paid the worker's expenses and then stopped making payments for more than three years. The factual circumstances in that case were unique because the worker incurred additional medical expenses during the three-year prescriptive period set forth in La.R.S. 23:1209(C) and because the employer voluntarily paid for those medical expenses after the three-year period had passed. This court found that the voluntarily payment, which the employer made after more than three years had passed since the last medical payment had been made, constituted "the last payment of medical benefits" under La.R.S. 23:1209(C). As such, this court found that the worker's claims had not prescribed.

Ahmed in the instant case argues that the *Crochet* case stands for the proposition that any payment of an injured worker's medical expenses interrupts

4

prescription. Thus, Ahmed contends that Home Depot's payment of medical benefits for her left hand injury interrupted prescription for all of her claims, even though her neck, back and hip injuries did not manifest themselves and/or no claims were made for those injuries within the two years after the accident. In that regard, Ahmed notes that, in granting the exception, the WCJ relied on the fact that La.R.S. 23:1209(A) provides for a two-year prescriptive period for claims for injuries which are not apparent immediately after a work-related accident. The WCJ found that the legislature appears to have made a legislative proclamation that in order for there to be a causal relationship between a work-related accident and an injury, the injury must have developed within two years after the accident.

We observe that La.R.S. 23:1209(C) provides that in situations wherein the employer has made medical payments to the injured worker, the employee's claim for medical benefits does not prescribe until three years after the date on which the employee received the last payment of medical benefits. In the instant case, Ahmed filed her workers' compensation suit on May 11, 2012, which was within three years of her having received medical benefits from Home Depot. However, this case is made problematic by the fact that Home Depot contends that while it has been paying medical benefits for her ever since she sustained an injury to her left hand in her work-related accident of August 24, 2009, no medical benefits were paid for Ahmed's neck, back, and hip injuries allegedly arising out of that same accident. As such, Home Depot maintains that Ahmed's claims for neck, back and hip injuries are prescribed

The *Crochet* case on which Ahmed relies does not expressly address the specific factual scenario of the instant case. As noted by Home Depot, the *Crochet* case involved a situation wherein the employer was aware of the alleged work-related injury. However, Ahmed has cited a somewhat factually similar case

5

wherein our second circuit held that since La.R.S. 23:1209(C) does not specify that the medical benefits have to have been paid to a worker with regard to a specific injury, the mere payment of any medical benefits interrupts prescription for three years under La.R.S. 23:1209(C). In *Brown v. Willamette Industries*, 34,245, pp. 3-4 (La.App. 2 Cir. 12/6/00), 775 So.2d 1097, 1100 (citation omitted), the second circuit states that La.R.S. 23:1209(C) "is specific as to what is sufficient to interrupt prescription of claims for medical benefits: payments of medical benefits within three years. There is no limitation that the medical benefits must be confined to certain injuries."

We agree with our sister court. While La.R.S. 23:1209(C) provides that prescription for claims for medical benefits expires three years from the date on which the last medical benefits payment was made, that statute does not require that the medical payment had to have been made with regard to a specific injury. As such, because, Home Depot acknowledges that it made medical payments for Ahmed's left hand injury within three years before Ahmed filed her worker's compensation action, and because all of these injuries allegedly arise out of a work-related accident of August 24, 2009, we find that Ahmed's claims for medical benefits for back, neck and hip injuries have not prescribed. Therefore, we reverse the trial court and deny Home Depot's exception of prescription and remand the case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

6